Hon. Karen Overstreet
Chapter 7
Hearing Location:  United States Courthouse
700 Stewart Street
Courtroom 7206
Seattle, WA  98101
Defendant LPS's Supplemental Briefing Due:  February 12, 2010

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re:<br><br>STEVEN C. BATEMAN and VIRGINIA T. LEE,<br><br>                    Debtors. | No. 07-13346-KAO<br>(Chapter 7) |
| EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee,<br><br>                    Plaintiff,<br><br>   vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JP MORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC.; NORTHWEST TRUSTEE SERVICES, INC.,<br><br>                  Defendants. | **Adversary Case No. 09-01345-KAO**<br><br>DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN
SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 1
[Adversary Case No. 09-1345-KAO]

Sirianni Youtz
Meier & Spoonemore
719 Second Avenue, Suite 1100
Seattle, Washington  98104
Tel. (206) 223-0303   Fax (206) 223-0246

## I. INTRODUCTION

At the February 5, 2010 hearing on the Motion for Summary Judgment brought by Defendant Lender Processing Services, Inc. ("LPS"),[1] the Court requested supplemental briefing to address the following questions:

*First:* Does the Washington Deed of Trust Act ("DTA") provide exclusive remedies for violations of the DTA related to the initiation of foreclosure proceedings, such that Plaintiff's claims under the CPA cannot be maintained?

**Answer:** *Yes.* The DTA provides exclusive remedies for plaintiffs contesting nonjudicial foreclosure. *See CHD, Inc., v. Boyles,* 138 Wn. App. 131, 137, 157 P.3d 415 (2007).

*Second:* When, as here, the DTA has been used to restrain a foreclosure of a residential property, can the plaintiff prove "injury to business or property" due to an alleged wrongful initiation of foreclosure in order to establish a CPA violation?

*Answer:* **No.** When a plaintiff has restrained a foreclosure of a residential property, he or she will be unable to show "injury to business or property" due to an alleged wrongful initiation of foreclosure. Once the foreclosure is restrained, there is no "injury." At most, the plaintiff will have incurred legal fees related to the litigation and perhaps allege (as Trustee does here) "emotional distress." Neither are recoverable under the CPA. *See Sign-O-Lite Signs, Inc. v. DeLaurenti Florists, Inc.,* 64 Wn. App. 553, 564, 825 P.2d 714 (1992) (Attorneys fees are not injury for the purpose of a CPA claim); *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 41 n. 5, 204 P.3d 885

---

[1] All references in this brief to "LPS" include its subsidiary, LPS Default Solutions (LPSDS) and its employees.

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 2
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303  FAX (206) 223-0246

(2009) (Emotional distress or other forms of personal injury do not fall within the purview of the CPA).

## II. ANALYSIS

### A. Violations of the Deed of Trust Act cannot be remedied under the CPA.[2]

The DTA is the exclusive means of remedying allegations of improperly initiated foreclosure. *See Plein v. Lackey*, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003). The failure to bring claims under the DTA and restrain foreclosure results in a waiver of any post-foreclosure claims. *Id*. Put simply, the legislature intended for the DTA to provide exclusive remedies in the event that the Act was not followed. "The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130." *CHD, Inc.*, 138 Wn. App. at 137.

The DTA provides a comprehensive array of remedies to address claims brought under it. Under the DTA a borrower may quickly restrain a foreclosure for upon a showing of "any proper ground." RCW 61.24.130(1); *Plein*, 149 Wn.2d at 225. The statute is designed so that "anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard" before the sale goes forward. *Plein*, 149 Wn.2d at 226, *citing to* RCW 61.24.040. The statutory standard is far broader than the equitable standard for injunctive relief. *See, e.g., Bowcutt v. Delta North Star Corp.*, 95 Wn. App. 311, 320, 976 P.3d 643 (1999) (distinguishing a court's power to restrain foreclosure pursuant to RCW 61.24.130 with a court's equitable power to grant

---

[2] The DTA was amended by the Washington Legislature in 2009 to permit certain claims to survive a plaintiff's failure to pursue pre-sale remedies under the DTA. *See* RCW. 61.24.127 (2009). The statute, however, does not apply to any of the actions in this case, since all occurred well before the statute's effective date, July 26, 2009. *See Moon v. GMAC Mortg. Corp.*, 2009 WL 3185596, *8 (W.D. Wash. 2009) (new statute has no "retroactive effect").

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN
SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 3
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

injunctive relief). The DTA's exclusive remedies make it easier and more efficient for a borrower to protect his or her interest in a property.

After the sale is restrained, the DTA provides additional remedies. Anyone who is entitled to cause a discontinuation of the sale may ask the Court to determine the reasonableness of the "fees demanded or paid as a condition for reinstatement." RCW 61.24.090(2). In other words, if a borrower believes that the amount sought by the lender is wrong, the DTA authorizes judicial review to determine whether there is an error. If a borrower prevails in that judicial review, he or she may seek an award of costs and attorneys fees. *Id.*

For other alleged technical violations of the DTA, unrelated to the amount of money owed, the Act permits borrowers to restrain the sale, presumably until the court determines (1) whether the alleged violations actually occurred; and (2) if so, whether the technical violations resulted in any prejudice such that the lender and trustee must start the process over in order to meet the DTA requirements. Non-prejudicial technical errors do not result in a setting aside of the foreclosure. *Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App. 108, 113, 752 P.2d 385 (1988). In such cases, the foreclosure will proceed. The DTA does not authorize attorneys fees, costs or other damages in that circumstance.

Trustee cannot avoid the exclusive remedies in the DTA by dressing up his claims of non-prejudicial technical violations as if they are tort claims or CPA violations. There is no cause of action for wrongful initiation of foreclosure proceedings outside of the DTA. As the Court in *Pfau* recognized just last year:

> Furthermore, such a claim is not recognized in Washington. "[T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings."

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 4
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

*Pfau v. Washington Mut., Inc.*, 2009 WL 484448 at *12 (E.D. Wash. 2009), *citing to Krienke v. Chase Home Finance, LLC*, 2007 WL 2713737 at *5 (2007) (no claim for wrongful initiation of foreclosure proceedings); *see also Universal Life Church of Snohomish County v. GMAC Mortg. Corp.*, 2007 WL 1185861, *4 (W.D. Wash. 2007) (Plaintiffs "shall not now be allowed to circumvent the purposes of the [DTA] by couching their claims in tort language").

Trustee does not identify (nor can Defendant LPS find) a single case that holds that technical violations of the DTA are also violations of the CPA. Nor does Trustee demonstrate any statutory basis for applying the CPA to the alleged violations of the DTA complained of here. That is because the Legislature intended for the DTA to be the exclusive means of addressing claims of wrongful initiation of foreclosure. *See, e.g., State v. Schwab*, 103 Wn. 2d 542, 693 P.2d 108 (1985) (CPA claims are preempted by exclusivity provisions of Residential Landlord Tenant Act).

The Legislature could have explicitly established the CPA as a remedy for violations of the DTA, if that was what it intended. That is exactly what the Legislature did for certain limited claims in 2009. *See* RCW 64.21.127 (effective July 26, 2009); *see also State v. Mendoza*, 165 Wn.2d 913, 921, 205 P.3d 113 (2009) (Subsequent legislative changes can be considered to determine a pre-existing statute's legislative intent). Before 2009, the Legislature authorized only one type of claim that could be brought under both the DTA and the CPA. *See* RCW 61.24.135 (collusive bidding in foreclosure is a *per se* violation of the CPA). All other alleged violations of the DTA (including all the allegations made by Trustee in this case) had no statutory authorization to be brought under the CPA. *See generally* Chapter 61.24 RCW.

Where, as here, the plain language of a statute unambiguously describes a specific qualifying list (in this case, a list of claims that could be brought under the CPA), that list is exclusive. *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003). In

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 5
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

*Delgado,* the Supreme Court considered whether the defendant could be convicted as a "persistent offender." The statute governing persistent offenses contained a specific list of qualifying convictions. *Id.* at 726. The defendant's prior offenses were not specified in the statute. *Id.* at 727. The court concluded that the list was exclusive and there was no basis to determine that other kinds of convictions could be considered. *Id.* "We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language. We assume the legislature means exactly what it says." *Id.*

Here, the DTA provides the sole remedies to stop a foreclosure. *CHD, Inc.,* 138 Wn. App. at 137. Only "collusive bidding" claims under RCW 61.24.130 may also be brought under the CPA. "Under *expressio unius est exclusio alterius*, a canon of statutory construction, to express one thing in a statute implies the exclusion of the other." *Delgado,* 148 Wn.2d at 728. The CPA simply does not apply to Trustee's "wrongful foreclosure" claims.

### B. Even if the CPA can, in theory, apply, plaintiffs who restrain a foreclosure of a residential property can not make out an "injury to business or property" under the CPA.

To demonstrate a CPA claim, a plaintiff must show: (1) an unfair or deceptive act or practice, (2) that occurs in trade or commerce, (3) a public interest, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury suffered. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wn.2d 59, 74, 170 P.3d 10 (2007). In this situation, a plaintiff who restrains a foreclosure cannot make out the "injury to business or property."

When a plaintiff exercises his or her pre-sale remedies under the DTA and restrains the foreclosure of a residential property, he or she has no "injury" that can be compensated under the CPA. The sale is halted. There is no damage to

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN
SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 6
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

property. Since the transaction involves a residential, not commercial property, the foreclosure does not affect the plaintiff's business. At most, a plaintiff could allege claims for attorneys fees and costs related to the litigation, and (as Trustee did here) "emotional distress" damages. None of those are "injuries" under the CPA.

"Injury to business or property" is well defined in case law to exclude both personal injury and litigation fees. The Washington Supreme Court first considered whether personal injury claims were compensable under the Act in *Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 318, 858 P.2d 1054 (1993). In a long line of cases spanning from 1993 to the present, the Court has consistently held that personal injuries, including a plaintiff's emotional distress damages, are not compensable under the CPA. *Id.; Panag*, 166 Wn.2d at 41 n. 5; *Ambach v. French,* 167 Wn.2d 167, 173, 216 P.3d 405 (2009) (citing cases).

Washington courts have similarly held that attorneys fees and costs expended in litigation are not "injury to business or property" under the CPA:

> There must be some evidence, however slight, to show injury to the claimants' business or property.
>
> …
>
> Here, DeLaurenti's mere involvement in having to defend against Sign's collection action and having to prosecute a CPA counterclaim is insufficient to show injury to her business or property, contrary to the trial court's conclusion. To hold otherwise would be to invite defendants in most, if not all, routine collection actions to allege CPA violations as counterclaims.

*Sign-O-Lite Signs, Inc.*, 64 Wn. App at 563-64.

Here, Trustee has not identified any specific damages allegedly suffered by Debtors. At most, Trustee asserts (without evidence) that Debtors have experienced

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 7
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

"emotional distress" stemming from the foreclosure. As described above, such claims are not compensable under the CPA.

In fact, the foreclosure has not caused any CPA "injury" to Debtors. It is undisputed that (1) Debtors defaulted on their loan; (2) as a result of the Order restraining foreclosure, Debtors have been able to stay in the property for more than two years; (3) Trustee has presented no evidence of actual injury—no lost profits or business opportunities, no lost wages, etc. There is no evidence of any injury under the CPA.

### C. In any event, LPS's actions were not a violation of the DTA.

LPS and its employees acted as properly authorized agents for a disclosed principal, Washington Mutual. The declarations filed by JPMorgan Chase and Deutsche Bank ("Deutsche Bank") and Northwest Trustee Services ("NWTS") confirm that LPS and its employees acted as properly authorized agents for a disclosed principal, Washington Mutual. LPS's authority to execute the documents disputed by Trustee is clear:

- LPS employees Peter Read and Amy Weis were authorized by Washington Mutual to execute foreclosure related documents on its behalf. Dkt. #23, Allen Decl., *Exhs. A, B.*

- Amy Weis and Peter Read executed two documents as directed by Washington Mutual. Ms. Weis executed the "Appointment of Successor Trustee" on May 23, 2007 and Mr. Read executed the "Assignment of Deed of Trust" on July 11, 2007. *Id., Exhs. C, D.*

- Peter Read's "Assignment of the Deed of Trust" was ineffective only because ***the same Deed of Trust had previously been assigned to Deutsche Bank***. *See* Dkt. #37, Smith Decl., ¶¶4-5; *Exhs. C, D.* The DTA is not violated because Washington Mutual made an

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 8
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

- ineffective "Assignment" which was not relied upon in the foreclosure process.
- Amy Weis's "Appointment of Successor Trustee" was valid. Ms. Weis acted at the direction of Washington Mutual. Washington Mutual had a "limited power of attorney" authorizing it to act on behalf of Deutsche Bank related to the Debtor's loan. *See* Dkt. #38 Reyes Decl., ¶8; *Exh. D*. Using Amy Weis as its agent and acting pursuant to the limited power of attorney from Deutsche Bank, Washington Mutual properly appointed Northwest Trustee Services as Successor Trustee.
- All defendants agree that LPS employees Read and Weis acted as Washington Mutual's agents when they signed the two documents. *See* Dkt. #37, Smith Decl., ¶5; Dkt. #38, Reyes Decl. ¶8; Dkt. #32, Ashcroft Decl., ¶¶5-6. Trustee offers no evidence to dispute that Read and Weis were properly authorized agents of Washington Mutual.

There simply is no factual dispute—Trustee does not identify a single violation of the DTA **by LPS**. Trustee's claims might withstand summary judgment if (1) Washington Mutual did not actually authorize the actions taken by LPS employees; and (2) LPS employees took some action inconsistent with the DTA. But that is not the case. LPS and its employees acted solely and completely within the authority granted by Washington Mutual. None of LPS's actions violated the DTA.

### III. CONCLUSION

Trustee cannot maintain its CPA claim (nor any of its other claims) against LPS because:

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 9
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

(1) LPS acted within the scope of the authority delegated to it by Washington Mutual, its fully disclosed principal;

(2) Any alleged violations of the DTA must be addressed by its exclusive remedies. There is no remedy for any DTA violations under the CPA;

(3) Even if, in theory, a plaintiff could maintain a CPA cause of action for violations of the DTA, in this case, Debtors and Trustee had no "injury to business or property" under the CPA.

The Court should dismiss all of Trustee's claims against LPS.

DATED: February 12, 2010.

SIRIANNI YOUTZ
MEIER & SPOONEMORE

　　/s/ Richard E. Spoonemore
Richard E. Spoonemore, WSBA #21833
Counsel for Defendant
Lender Process Services, Inc.

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 10
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

# CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- Fred B Burnside on behalf of Defendant Deutsche Bank National Trust Company
  fredburnside@dwt.com, cindybourne@dwt.com

- Melissa A Huelsman on behalf of Plaintiff Edmund Wood
  huelsmanlaw@comcast.net, mlefebvre@predatorylendinglaw.com

- Lance E Olsen on behalf of Defendant Northwest Trustee Services Inc
  ecf@rcolegal.com

- Joshua A Rataezyk on behalf of Defendant Deutsche Bank National Trust Company
  joshrataezyk@dwt.com, peggymitchell@dwt.com

- Richard E Spoonemore on behalf of Defendant Lender's Processing Services Inc
  rspoonemore@sylaw.com, rspoonemore@hotmail.com;matt@sylaw.com;theresa@sylaw.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

- Platinum Homes Inc
  1371 Warner Ave #D
  Tustin, CA 92780

- Washington Mutual Bank
  Moss Codilis, LLP @ WaMu
  7255 Baymeadows Way
  Mail Stop: JAXA2035
  Jacksonville, FL 32256

DATED: February 12, 2010, at Seattle, Washington.

                         /s/ Richard E. Spoonemore

DEFENDANT LPS'S SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOT. FOR SUMMARY JUDGMENT – 11
[Adversary Case No. 09-1345-KAO]

SIRIANNI YOUTZ
MEIER & SPOONEMORE
719 SECOND AVENUE, SUITE 1100
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246