| | |
|---|---|
| 1 | The Honorable Karen A. Overstreet |
| 2 | Chapter 7 (Adversary) |
| 3 | Hearing Date: April 2, 2010 |
|   | Hearing Time: 9:30 a.m. |
| 4 | Hearing Location: 700 Stewart St., |
|   | Seattle – Room 7206 |
| 5 | Response Date: March 26, 2010 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | |
| STEVEN C. BATEMAN and VIRGINIA T. LEE | Case No. 07-13346-KAO |
| Debtors. | |
| EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee, | Adversary No. 09-01345-KAO |
| | MOTION FOR PROTECTIVE ORDER |
| Plaintiff, | |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JPMORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC.; NORTHWEST TRUSTEE SERVICES, INC., | |
| Defendants. | |

MOTION FOR PROTECTIVE ORDER – 1
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

| | | |
|---|---|---|
| I. | INTRODUCTION AND SUMMARY OF ARGUMENT | 3 |
| II. | Rule 26 CERTIFICATTION | 4 |
| III. | ARGUMENT | 4 |
| | A. The Trustee's Discovery Seeking Information Unrelated to the Transactions at Issue Here are Irrelevant and Inappropriate as to All Claims. | 4 |
| |    1. Discovery Into Unrelated Borrowers or Claims Is Improper Under Any Theory. | 4 |
| |    2. Defendants' Willingness to Not Contest the Public Interest Prong of the CPA Eliminates the Need for Discovery Into Other Parties. | 5 |
| | B. Requiring Chase and DB to Provide a Witness to Testify About Tens of Thousands of Loans is Overbroad and Unduly Burdensome. | 5 |
| | C. Request For Production No. 6 — Chase's Payment for Loan Servicing is Irrelevant. | 7 |
| | D. Interrogatory No. 6 — A 50-State and Federal Compendium of All Administrative or Regulatory Actions on Any Topic With Respect to Chase or DB for the Last 4 Years is Overly Broad and Unduly Burdensome. | 8 |
| IV. | CONCLUSION | 9 |

MOTION FOR PROTECTIVE ORDER – 2
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Edmund J. Wood ("Plaintiff" or "Trustee") speculates that Defendant Deutsche Bank National Trust Company ("DB") was not the Debtors' Note holder, did not have legal authority to initiate foreclosure proceedings against the Debtors, and as a result, caused other defendants to file false documents with the King County Recorder's Office. *See* Compl. [Dkt. 6], ¶ 4.2, at 14:7-10, ¶ 7.2, at15:9-11. But the Trustee concedes that if DB *is* the "owner/holder/possessor of the [Debtors'] Note," that it has the right "to initiate foreclosure" of the Debtors' Residence. *Id.* ¶ 3.6, at 7:12-15. JPMorgan Chase Bank ("Chase") and DB (collectively, "Defendants") have produced to Plaintiff (and filed with the Court) evidence showing how and when DB obtained the Debtors' Note and its right to foreclose. The Trustee is undeterred. Good cause exists under Rule 26(c) to bar the disputed discovery for the following reasons:

*First*, Trustee's claims do not need broad-ranging discovery from unrelated parties to establish any element of their claim. *Morgan v. Peacehealth, Inc.*, 101 Wn. App. 750, 775 (2000). And because Defendants will agree not to contest the Consumer Protection Act's public interest element, good cause exists to preclude that discovery as unnecessary. *See Shields v. Morgan Fin. Inc.*, 130 Wn. App. 750, 759 (2005)

*Second***,** it is overly broad and unduly burdensome (and literally impossible) for Chase and DB to provide Rule 30(b)(6) witnesses to testify about all facts addressing loan servicing or loan foreclosures performed on *all* loans nationwide for more than three years, and would involve disclosure of private borrower information unrelated to any claim alleged.

*Third*, DB's payment to Chase for its role as Master Servicer has no bearing on any fact at issue in this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(iiii).

*Fourth*, Trustee's request for a 5-part summary of *all* investigations, actions, or orders, of *any type*, on *any topic*, in *any jurisdiction*, by *any agency* for more than 4 years, is the type of "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing" that shows a fundamental abuse of the discovery process. *Cuomo v. Clearing House Ass'n, LLC*, 129 S. Ct. 2710, 2719 (2009).

MOTION FOR PROTECTIVE ORDER – 3
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II. RULE 26 CERTIFICATTION

Undersigned counsel certifies that he has spent hours telephonically conferring with Trustee's counsel, as well as dozens and written communications, to try and resolve this discovery dispute without Court action. Counsel for Defendants and Trustee have conferred in good faith and been able to resolve the overwhelming majority of discovery disputes, but regrettably, have been unable to resolve three outstanding disputes.

## III. ARGUMENT

### A. The Trustee's Discovery Seeking Information Unrelated to the Transactions at Issue Here are Irrelevant and Inappropriate as to All Claims.

Much of the discovery Trustee seeks here is focused on actions that do not, and cannot, make more or less likely whether DB was the Note holder entitled to initiate foreclosure proceedings. Plaintiff has suggested that broad discovery is necessary to establish the "public impact" prong of the Washington Consumer Protection Act ("CPA"). But that is just not true. Indeed, it is precisely this type of broad discovery, unconnected to any disputed fact, that the Supreme Court recently counseled against. *See Cuomo v. Clearing House Ass'n, LLC*, 129 S. Ct. 2710, 2719 (2009) (prohibiting "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing").

#### 1. Discovery Into Unrelated Borrowers or Claims Is Improper Under Any Theory.

In this respect, the circumstances here resemble *Morgan v. Peacehealth, Inc*., 101 Wn. App. 750 (2000), in which a physician who had been terminated from a hospital brought a CPA claim (among others) against the entity that owned the hospital for acts and practices he believed violated state and federal heath care statutes. *Id.* at 753. The physician filed a motion to compel discovery with respect to how the defendant had treated *other* doctors. *Id.* at 774-75. This Court affirmed the denial of the motion, holding that "information concerning other health care providers" was "***irrelevant because the inquiry … is whether the hospital met the standards in its review of [this plaintiff], and not how that review compares with***" investigations into other providers. *Id.* at 775 (emphasis added). The Court found that discovery into how other people were treated was "irrelevant" in determining whether the

MOTION FOR PROTECTIVE ORDER – 4
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

defendant had acted in accordance with state and federal statutes. *Id.* Likewise, the issue here is whether DB holds the Note, and records of other claims or other parties in other actions have no bearing on that inquiry.

### 2. Defendants' Willingness to Not Contest the Public Interest Prong of the CPA Eliminates the Need for Discovery Into Other Parties.

Even if discovery into other borrowers or other claims were somehow relevant to whether DB holds the Debtors' Note — and it is not — Chase and DB have repeatedly agreed to stipulate that, should Trustee prove the other elements of his CPA claim, Defendants would agree to not contest the CPA's public impact element. Under settled Washington law interpreting the CPA, this is entirely appropriate and eliminates the need for costly discovery — particularly where, as here, there is less than $40,000 in claims at issue for the Trustee to seek recovery for. *See Shields v. Morgan Fin. Inc.*, 130 Wn. App. 750, 759 (2005) (affirming granting of protective order pursuant to Rule 26(c), because where public interest factor of CPA was waived, information regarding other borrowers "was irrelevant and not required" to be produced). Because of Defendants' willingness to agree to not contest the public-impact CPA element, any discovery seeking information about facts or records having nothing to do with the Debtors is inconsistent with the limits contained in Rule 26(b)(2)(C)(i)-(iii).

### B. Requiring Chase and DB to Provide a Witness to Testify About Tens of Thousands of Loans is Overbroad and Unduly Burdensome.

Trustee's Rule 30(b)(6) deposition notices to Chase and DB designate as Topic No. 2, the following:

"Topic No.2: Any mortgage loan servicing and/or foreclosure involving [JP Morgan/DB] and any of the named Defendants from January 1, 2007 through the present."

Chase objects to this request as overly broad and unduly burdensome. DB has produced records to Trustee showing that there are more than 11,000 loans in just the Long Beach Mortgage Loan Trust 2006-1 (for which it is Trustee and Chase is Master Servicer) that contains Debtors' loans, let alone other Mortgage Loan Trusts and other loan servicing obligations. Chase has also produced records showing that Chase acquired from the FDIC all

MOTION FOR PROTECTIVE ORDER – 5
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

of Washington Mutual Bank FA's ("WaMu") loans and loan servicing in Washington, and because Washington Mutual is also a named defendant, this Topic would require Chase to prepare a witness to testify about *every* WaMu loan in the state of Washington. Nothing in this Topic is tied in any way to any fact that bears on any claim in the Complaint, and as such, this discovery is not reasonably calculated to lead to the discovery of admissible evidence and is improper. There are many tens of thousands of loans that JPMorgan Chase performs servicing for across the country, and many tens of thousands of loans across the country which DB holds as Trustee, and none of these actions has any bearing on any claim before the Court.

Further, this Topic fails to specify the matters for examination with the "reasonable particularity" required by Rule 30(b)(6). Trustee's counsel has not narrowed this Topic to any particular aspect of loan servicing or loan foreclosure, and as a result, if it were possible to prepare witnesses to testify as to this Topic — and it is not — that testimony would necessarily entail disclosure of individual borrowers and their private financial affairs. This is improper. *See United States v. Federation of Physicians Dentists Inc.*, 63 F. Supp. 2d 475, 479 (D. Del. 1999) ("Financial information of non-parties in a lawsuit has been held by the courts to be private and not routinely available for discovery."); *Litton Indus. , Inc. v. Chesapeake Ohio Ry. Co.* 129 F.R.D. 528, 530 (N.D. Ohio 1990) ("As a starting point, the courts have recognized a non-party' s right to privacy in its financial affairs."); *Hecht v. Pro-Football, Inc*. 46 F.R.D. 605, 607 (D. D.C. 1967) ("The right of privacy and the right to keep confidential one's financial affairs is well recognized."); *Moss v. Crawford & Co.*, 2001 WL 770787, *1 (W.D. Pa. 2001) (denying motion to compel non-party financial information); *see also Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, (9th Cir. 1975) (affirming denial of motion to compel production of non-party records as "invasion of privacy") (citing *Hecht*). Defendants have agreed to provide witnesses for both Chase and DB with respect to myriad other topics, and respectfully ask the Court to enter a Protective Order not requiring Chase or DB to be required to offer testimony on this overly broad topic.

MOTION FOR PROTECTIVE ORDER – 6
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### C. Request For Production No. 6 — Chase's Payment for Loan Servicing is Irrelevant.

Trustee's Request for Production No. 6 seeks disclosure of the compensation that DB pays Chase as Master Servicer of the Long Beach Mortgage Loan Trust 2006-1. The Request and Chase's response, are as follows:

> REQUEST FOR PRODUCTION NO. 1: Provide copies of any and all DOCUMENTS that relate to the amount of fees that YOU pay and/or collect in YOUR role as servicing agent for any of the Defendants herein. This will include but is not limited to contracts, cancelled checks, accountings, rate sheets, and bills. This will also include any documents that demonstrate how YOU determine the amount fees that it will charge on each transaction in which it provides mortgage loan servicing services, or if it is compensated in the aggregate or on a flat fee or percentage basis.
>
> RESPONSE: **Objection. This request seeks information that is proprietary and confidential. Further, this request seeks documents that are not likely to lead to the discovery of admissible evidence. Moreover, this request is overly broad and unduly burdensome, as it seeks documents not bearing on the issues raised in these proceedings by Plaintiff. Without waiving any objection, and conditioned upon the entry of an acceptable protective order and/or execution of a confidentiality agreement, JPMorgan Chase will produce the Pooling and Servicing Agreement relative to the Long Beach Mortgage Loan Trust 2006-1.**

Chase has produced the Pooling and Servicing Agreement ("PSA") that describes its role as Master Servicer to the Long Beach Mortgage Loan Trust 2006-1, so that the Trustee knows what Chase's responsibilities are.[1] Chase and DB have also agreed to provide testimony about their respective roles and obligations under the PSA. Despite several requests to do so, the Trustee has been unable to articulate *any* explanation for how the compensation DB pays Chase for its role as Master Servicer is reasonably calculated to lead to the discovery of admissible evidence as to whether DB holds the Debtors' Note and has the right to foreclose. DB and Chase respectfully request that the Court enter a protective order providing that Chase

---

[1] Because the Mortgage Loan Schedule — which is an exhibit to the PSA, and identifies the Debtors' loan as part of the trust — contains private borrower information (FICO scores, etc.), DB was not willing to produce the PSA absent a confidentiality agreement. The parties are still working on a confidentiality agreement as to other issues, but Chase did produce the PSA with the Mortgage Loan Schedule in redacted form as a compromise (showing the relevant columns, but redacting all but the Bateman/Lee's data).

MOTION FOR PROTECTIVE ORDER – 7
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

and DB need not provide records detailing the compensation between the parties, pursuant to Rule 26(c) and 26(b)(2)(C).

### D. Interrogatory No. 6 — A 50-State and Federal Compendium of All Administrative or Regulatory Actions on Any Topic With Respect to Chase or DB for the Last 4 Years is Overly Broad and Unduly Burdensome.

Trustee's Interrogatory No. 6, and Chase and DB's response, is as follows:

INTERROGATORY NO. 1: Identify any regulatory or administrative agency actions or orders and/or investigations which have been taken or initiated against or issued against YOU in any state, including Washington, since January 1, 2006, as well as any investigations by any federal agencies. With regard to any investigation or any regulator action, provide the following:
A. State in which the investigation was initiated and/or action was taken;
B. The agency which instituted the investigation and/or action;
C. The date of the investigation and/or action;
D. The complaining party and/or victim;
E. The result of the investigation and/or action.
ANSWER:
**Objection. This interrogatory is overly broad and unduly burdensome. Further, this interrogatory seeks information that is irrelevant and/or not likely to lead to the discovery of admissible evidence, as the interrogatory is not limited to matters bearing on the issued raised by the Plaintiff in these proceedings.**

This request is shockingly broad and prima facie improper as it has no bearing on any fact that is in dispute in this action. This request seeks disclosure of *all* investigations, actions, or orders, of *any type*, on *any topic*, in *any jurisdiction*, by *any agency* for more than 4 years, with a five-part summary for each topic. Nothing in this Interrogatory is remotely tied to any fact or claim in this case. It is this type of discovery Interrogatory — "fishing expeditions or an undirected rummaging through . . . records for evidence of some unknown wrongdoing" — that is the hallmark of discovery abuse. *See Cuomo*, 129 S. Ct. at 2719.

Indeed, undersigned counsel is unaware of any case permitting such broad-ranging discovery, and knows only of courts rejecting such requests under even more narrowly tailored discovery. *See, e.g.*, *Wyeth v. Impax Labs.*, 248 F.R.D. 169, 170-71 (D. Del. 2006) (refusing to grant a discovery request for all documents pertaining to previous patent litigation as overly broad and rejecting the contention that the relevancy standard was satisfied merely because

MOTION FOR PROTECTIVE ORDER – 8
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

both cases involve the same patents); *Am. Eagle Outfitters v. Payless Shoestores, Inc.*, 2009 WL 152712, *1-*2 (E.D. N.Y. 2009) (granting protective order; holding that discovery request seeking information about prior litigation was "nothing less than the proverbial 'fishing expedition,'" and "not reasonably calculated to lead to admissible evidence"); *McCrink v. Peoples Benefit Life Ins. Co.*, 2004 WL 2743420, *6 (E.D. Pa. 2004) (granting protective order barring discovery from insurer re prior claims of bad faith because the "burden and expense of producing the information … regarding all bad faith cases concerning the motorcycle exclusion brought against defendant, outweighs the likelihood of finding relevant material").

Plaintiffs' discovery request is not reasonably calculated to lead to the discovery of admissible evidence and good cause exists to enter a protective order holding that no response need be provided.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion for Protective Order.

DATED this 11th day of March, 2010.

>
> Davis Wright Tremaine LLP
> Attorneys for Defendants Deutsche Bank National Trust Company and JPMorgan Chase Bank, NA
>
> By: /s/ Fred B. Burnside
> Fred B. Burnside, WSBA #32491
> Joshua A. Rataezyk, WSBA #33046
> Davis Wright Tremaine LLP
> 1201 Third Avenue, Suite 2200
> Seattle WA 98101-3045
> Telephone: (206) 757-8016
> Fax: (206) 757-7016
> E-mail: fredburnside@dwt.com
> E-mail: joshrataezyk@dwt.com

MOTION FOR PROTECTIVE ORDER – 9
AP Case No. 09-01345-KAO
DWT 14171564v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700