KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Rm. 6301
Seattle, WA  98101-1271
(206) 370-5330

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re | ) |
| | ) Chapter 7 |
| STEVEN C. BATEMAN and | ) |
| VIRGINIA T. LEE, | ) Bankruptcy No. 07-13346 |
| | ) |
| Debtors. | ) |
| _____ | ) Adversary No. 09-1345 |
| | ) |
| EDMUND J. WOOD, | ) |
| | ) |
| Plaintiffs, | ) **ORDER GRANTING IN PART** |
| v. | ) **AND DENYING IN PART** |
| | ) **SUMMARY JUDGMENT MOTION** |
| DEUTSCHE BANK NATIONAL TRUST | ) **BY LENDER'S PROCESSING** |
| COMPANY; LONG BEACH MORTGAGE | ) **SERVICES, INC.** |
| COMPANY; WASHINGTON MUTUAL | ) |
| BANK; JP MORGAN CHASE BANK, | ) |
| N.A.; LENDER'S PROCESSING | ) |
| SERVICES, INC., NORTHWEST | ) |
| TRUSTEE SERVICES, INC., | ) |
| | ) |
| Defendants | ) |
| _____ | ) |

This matter came before the Court at a hearing on February 5, 2010, on the motion for summary judgment (the "Motion") filed by defendant Lender's Processing Services, Inc. ("LPS"). At the hearing, the Court rendered its oral ruling on some, but not all, of the claims. The Court asked for supplemental briefing from LPS and plaintiff, Edmund Wood, on two issues: (1) Does the Washington Deed of Trust Act, Ch. 61.24, R.C.W. (the "DTA"), provide exclusive remedies for violations of

ORDER - 1

the DTA related to the initiation of foreclosure so as to bar a claim under the Washington Consumer Protection Act, Ch. 19.86, R.C.W. (the "CPA"); and (2) when a foreclosure sale has been restrained pursuant to the provisions of the DTA, can the borrower/plaintiff prove "injury to business or property" due to an alleged wrongful initiation of foreclosure in order to establish a CPA violation?

The Court has considered all of the pleadings and evidence in connection with the Motion and the supplemental briefs filed by the parties relating to the questions posed in the preceding paragraph. The following constitutes the Court's ruling and order on the Motion.

**I. Standard on Summary Judgment**

The Court should grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When a properly supported motion for summary judgment has been presented, the adverse party "may not rely merely on allegations or denials in its own pleadings." Fed.R.Civ.P. 56(e). Rather, the non-moving party must set forth "specific facts" demonstrating the existence of a genuine issue for trial. *Id.; Anderson*, 477 U.S. at 256.

ORDER - 2

All "justifiable inferences" are to be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255. When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006).

**II. Facts**

Although under Rule 52(a)(3), Fed.R.Civ.P., the Court is not required to make findings and conclusions in connection with a summary judgment motion, the Court believes it would aid the parties going forward to summarize the Court's oral ruling identifying certain material facts the Court finds are disputed.

It is undisputed that LPS acts as an agent for banks to process the necessary paperwork to pursue foreclosure when a grantor under a deed of trust goes into default. LPS contends in the summary judgment motion that its employees, Amy Weis and Peter Read, were at all times acting within the scope of their authority from Washington Mutual Bank ("WAMU") when they executed documents relating to the foreclosure against the residence of the debtors, Steven Bateman and Virginia Lee. Ms. Weis signed an Appointment of Successor Trustee, which states that it was signed in May 23, 2003 by "Deutsche as trustee for Long Beach Mortgage Loan Trust 2006-1 by WAMU as successor in interest to Long Beach Mort. co., its atty in fact by Amy Weis, AVP." The document purports to appoint Northwest Trustee Services on May 23, 2007, as successor trustee under the deed of trust against the debtor's residence (the "Bateman Deed of Trust"). The document was not

ORDER - 3

recorded, however, until April 29, 2009.  LPS contends, without competent evidentiary support, that the May 23, 2003 acknowledgment date is a "scrivener's" error.  Mr. Read signed an assignment of the Bateman Deed of Trust by the "beneficiary" WAMU to Deutsche as trustee for Long Beach Mort. Loan Trust 2006-1.  The document is signed by "WAMU as successor in interest to Long Beach Mort. Co. by operation of law, by Paul Read, AVP."  Despite allegedly being signed in 2007, this document was also not recorded until April 29, 2009.  There are numerous and conflicting copies of the Bateman promissory note in evidence, each with undated endorsements.  There is no evidence of who the holder of the note was on May of 2007 or April of 2009, nor is there any evidence that WAMU had authority to act as Deutsche's attorney in fact or that Deutsch had any authority as trustee for Long Beach Mort. Loan Trust at those times.

At the hearing, the Court ruled orally that there were disputed material facts as to what authority WAMU had at various relevant times and as to whether at all relevant times, LPS employees were acting within the scope of the authority granted to them by WAMU.

### III. Court's Ruling on Separate Claims[1]

The Motion seeks dismissal of all of the plaintiff's claims against it, including plaintiff's claims for slander of title, violation of the CPA, violation of the Fair Debt Collection Practices Act, wrongful foreclosure in violation of the DTA, and

---

[1] Included within this analysis are the claims on which the Court orally ruled at the hearing on February 5, 2010.

ORDER - 4

breach of fiduciary and quasi fiduciary duty.  Principally, LPS's argument is that if its agents, Ms. Weiss and Mr. Read, were acting at all relevant times as an agent of and with the authority of WAMU, LPS has no separate liability under any of the causes of action asserted by the plaintiff.  LPS relies on *Davis v. Bafus*, 3 Wn.App. 164, 167, 473 P.2d 192 (1970), which held that "[A] complaint against a known agent, acting within the scope of his authority for a disclosed principal, fails to state a claim upon which relief may be granted against the agent."  If, however, an agent acts in a manner that exceeds the scope authorized by the principal, the agent may be held liable for its own acts.  *Niece v. Elmview Group Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997).  The Court has concluded that there is a material issue of fact as to whether LPS was acting at all relevant times within the scope of its authority, therefore, the Court must examine the substance of the Motion as if LPS had acted outside of its authority from WAMU.

    A.   <u>Slander of Title</u>.

In order to prove slander of title in Washington, plaintiff must prove the following elements: (1) LPS made false statements regarding the debtors' property; (2) the false statements were made maliciously; (3) the false statements caused pecuniary loss or injury to the debtors; (4) the false statements referred to the sale or purchase of property; and (5) the slander must be so great as to defeat the debtors' title to property.  *Rorvig v. Douglas*, 123 Wn.2d 854, 859-60, 873 P.2d 492, 496 (1994); *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 375, 617 P.2d 704 (1980).

ORDER - 5

The Court held in its oral ruling that LPS was entitled to summary judgment on this claim because the plaintiff had failed to show the existence of any pending sale, negotiations for a sale or offers to purchase the debtors' property.

B. <u>Violation of the Fair Debt Collection Practices Act</u>.

In order to maintain a claim for violation of the Fair Debt Collections Practices Act, the plaintiff must show that LPS was a debt collector within the meaning of 15 U.S.C. § 1692a(6). The Court concluded that in connection with the foreclosure action initiated against the debtors' home, LPS's actions were not directed at collecting "directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Employees of LPS signed two documents in connection with the foreclosure, an appointment of a successor trustee and an assignment of the Bateman Deed of Trust. The Court finds that these actions did not make LPS a debt collector under the Fair Debt Collections Practices Act and that LPS's Motion should be granted as to this claim.

C. <u>Wrongful Foreclosure in Violation of the DTA</u>.

LPS's motion for summary judgment seeks dismissal of this claim on the ground that Washington does not recognize a common law claim for wrongful "initiation" of a foreclosure proceeding, citing *Plein v. Lackey*, 149 Wn.2d 214, 225, 67 P.3d 1061 (2003). *Plein* and two other decisions cited by LPS, *Pfau v. Washington Mut., Inc.*, 2009 WL 484448 (E.D. Wash. 2009); and *Krienke v. Chase Home Finance, LLC,* 2007 WL 2713737 (Wash.App. 2007)(unpublished), hold that a homeowner who fails to avail

ORDER - 6

him/herself of the DTA's injunctive remedies to prevent the foreclosure sale of a home, waives the right to contest the foreclosure and trustee's sale. Once the sale has occurred, these courts hold there is no remedy for wrongful foreclosure. The court in *Krienke* held "[T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings." *Krienke*, 140 Wash.App. at 1035 (emphasis in original). The cases support LPS's claim that there is no common law cause of action for wrongful foreclosure in Washington.

Count VII of the plaintiff's amended complaint alleges that the defendants, including LPS, violated their duties under the DTA in connection with the foreclosure of the debtors' home and that any foreclosure of the property would therefore be wrongful. Importantly, the debtors in this case took action to enjoin the foreclosure before a trustee's sale occurred, so there is no issue of waiver like in the cases cited in the preceding paragraph. The DTA permits the court to make a determination of whether the defendants violated their duties under the DTA. Therefore, LPS is not entitled to summary judgment on the plaintiff's wrongful foreclosure claim to the extent that the claim seeks relief under the DTA and not the common law.

D. <u>Breach of Fiduciary and Quasi Fiduciary Duty</u>.

Paragraph VII of the plaintiff's amended complaint alleges that each of the defendants owed a fiduciary duty or quasi-

ORDER - 7

fiduciary duty to the plaintiff. However, the plaintiff has failed to identify the basis for which LPS had a duty to the debtors or the trustee/plaintiff. LPS had no contractual obligations to the debtors or the plaintiff, nor has the plaintiff identified any statutory fiduciary obligation imposed on LPS with regard to those parties. Accordingly, LPS is entitled to summary judgment on this claim.

  E. <u>Consumer Protection Act Claim</u>.

  The parties provided supplemental briefing to the Court on two arguments made by LPS relative to the plaintiff's CPA claim. LPS argues that the DTA provides exclusive remedies for violations of its provisions and thus precludes any CPA claim by the plaintiff based upon LPS's acts in connection with the foreclosure. LPS cites *CHD, Inc. v. Boyles*, 138 Wn.App. 131, 137, 157 P.3d 415 (2007) in support of its argument. The *CHD* case, however, is another case on waiver, which holds that if a borrower fails to obtain an injunction preventing the trustee's sale, and the trustee's sale is concluded, the borrower waives any grounds he or she has to invalidate the sale. The case does not hold that having restrained a trustee's sale pursuant to the terms of the DTA or by agreement with the foreclosing party, the borrower has no right to assert a CPA claim.

  Recent amendments to the DTA confirm that a borrower's remedies in connection with a wrongful foreclosure are not limited to those under the DTA, and may include a claim under the CPA. Effective July 26, 2009, RCW 61.24.127 was added to the DTA. This section specifically preserves certain claims of the

ORDER - 8

borrower or grantor when they fail to bring an action to enjoin a foreclosure. Claims that are specifically not waived pursuant to this section include common law fraud or misrepresentation, violations of Title 19 RCW, and material violations of the provisions of the DTA. The non-waived claims, however, are subject to limitations, specifically that they may seek only monetary damages and may not affect the validity of the foreclosure sale. RCW 61.24.127(2)(f) also provides that any claim brought under the CPA is limited to actual damages, treble damages as provided for in RCW 19.86.090, and the costs of the suit, including reasonable attorneys' fees.

LPS argues that because the amendment described above was not effective until after the relevant actions in this case, the amendment is irrelevant. That argument misses the point - this case is not about waiver. The plaintiff has filed an action to enjoin the foreclosure sale as required by the DTA and the sale has not occurred. LPS concedes that if the sale is restrained, the DTA provides numerous remedies, *e.g.*, to contest the reasonableness of the fees demanded, to determine if the DTA was violated, or to seek an award of attorneys' fees. RCW 61.24.090(2). Nothing in the statute or the case law precludes an action under the CPA based upon violations of the DTA. The fact that the legislature thought it necessary to clarify what claims of the borrower are not waived when the borrower fails to enjoin a trustee's sale, confirms that the identified claims, including specifically a CPA claim, are available to a borrower *who successfully enjoins* a sale. Otherwise, a borrower who fails

ORDER - 9

to enjoin a trustee's sale would be in a better position than a borrower who exercises the right under the DTA to enjoin the sale. Moreover, if the claims did not exist at all (*i.e.* because remedies are confined only to the DTA), there would be no need to discuss the circumstances under which such claims are ever waived.

Accordingly, where, as in this case, the plaintiff has filed an action to enjoin the trustee's sale and the trustee's sale has not yet occurred, the plaintiff may assert a claim under the CPA based upon the conduct of the defendants relative to the foreclosure process.

The DTA, however, does not make a violation of its provisions a *per se* violation of the CPA. Therefore, to establish a violation of the CPA, the plaintiff must prove that (i) LPS engaged in an unfair or deceptive act or practice; (ii) such act or practice occurred within a trade or business; (iii) such act or practice affected the public interest; (iv) the plaintiff suffered an injury to her business or property; and (v) a causal relationship exists between LPS's act or practice and plaintiff's injury. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785-93, 719 P.2d 531 (1986).

LPS makes two arguments in favor of dismissal of the plaintiff's CPA claim: the plaintiff has not produced any evidence that the debtors or the plaintiff suffered an injury to business or property as a result of the acts taken by LPS, and the plaintiff has not shown a sufficient causal connection

ORDER - 10

between the injury they allege and the acts of LPS. The Court need not rule on the first issue because it agrees with LPS that the plaintiff has failed to show a sufficient causal connection between the injury the debtors are alleged to have suffered and the very limited actions taken by LPS in connection with the attempted foreclosure. The plaintiff must demonstrate that "but for" the execution of the two documents described above by LPS's employees, the debtors would not have incurred moving and living costs and attorneys' fees in anticipation of the foreclosure. *Indoor Billboard v. Integra Telecom*, 162 Wn.2d 59, 84, 170 P.3d 10 (2007). The Court finds that the execution of the two documents signed by Mr. Read and Ms. Weis was not a significant enough part of the foreclosure process so as to constitute a proximate cause of any injury suffered by the debtors. For this reason, LPS is entitled to summary judgment on the plaintiff's CPA claim.

**ORDER**

Now, therefore, for the foregoing reasons, it is hereby ORDERED that:

1. The plaintiff's slander of title claim against LPS is DISMISSED.

2. The plaintiff's claim for violation of the Fair Debt Collection Practices Act against LPS is DISMISSED.

3. To the extent plaintiff's claim for wrongful foreclosure (Amended Complaint, par. VII) is pled as a common law tort claim against LPS, it is DISMISSED. To the extent that claim is pled as a claim for violation of the provisions of the DTA, LPS's

ORDER - 11

motion for summary judgment is DENIED.

4. The plaintiff's breach of fiduciary or quasi-fiduciary duty claim against LPS is DISMISSED.

5. The plaintiff's CPA claim against LPS is DISMISSED.

///END OF ORDER///

*Karen A. Overstreet*
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)

ORDER - 12