```
KAREN A. OVERSTREET
Bankruptcy Judge
United States Courthouse
700 Stewart Street, Rm. 6301
Seattle, WA 98101-1271
(206) 370-5330
```

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>Steven C Bateman and<br>Virginia T Lee,<br><br>        Debtor. | Chapter 13<br><br>Bankruptcy No. 07-13346 |
| EDMUND J WOOD, Trustee,<br><br>        Plaintiff,<br>vs.<br><br>Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, et. al,<br><br>        Defendant. | Adversary No. 09-01345<br><br><br><br><br><br><br><br>ORDER DENYING DEFENDANTS'<br>MOTION FOR RECONSIDERATION |

    This matter came before the Court on the motion of defendants Deutsche Bank National Trust Company ("Deutsche") and JPMorgan Chase Bank N.A. ("Chase") requesting the Court to reconsider its Order Granting In Part and Denying In Part Summary Judgment Motion By Lender's Processing Services, Inc. (the "Order") which was entered on the docket on March 15, 2010. The Order was entered on a motion for summary judgment by Lender's Processing Services, Inc.("LPS"), another defendant in this action.

    Motions for reconsideration are disfavored in this district. The local federal district court rules direct that a court should:

> [O]rdinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

ORDER - 1 of 5

> legal authority which could not have been brought to its attention earlier with reasonable diligence.

Civil Rule 7(h)(1), Local Rules W.D. Wash. The bankruptcy court does not have an inherent ability to reconsider or reform its prior orders. *In re Mulvania,* 214 B.R. 1 (9th Cir. BAP 1997).

Deutsche and Chase (collectively, the "Defendants") seek reconsideration on three grounds that (1) factual findings made by the Court in the Order are incorrect; (2) the Court's conclusion that a violation of the Washington Deed of Trust Act ("DTA") may be the basis for a claim under the Washington Consumer Protection Act ("CPA") is wrong; and (3) any affirmative claims against the Defendants should be limited to substantive claims not contingent upon DTA compliance.

The Defendants contend that the Court should not have concluded that there is a dispute of fact over the form of the promissory note at issue. They seek, after-the-fact, to supplement LPS's factual presentation with a statement by their counsel that the original note currently in the offices of Deutsche is the one true note and the only one offered by Deutsche in this case. Deutsche will have every opportunity in this case to present the one true note into evidence in support of its own motion for summary judgment. The Court's statement in the Order, however, that there "are numerous and conflicting *copies* of the Bateman promissory note in evidence" is correct. Unlike counsel for the Defendants, the Court has not had the privilege of seeing and touching the "blue-ink original Note and blue-ink original Allonge." Therefore, the Court will not reconsider its statement in the Order as to conflicting copies of the note.

The Defendants also ask the Court to reconsider its finding that there was no evidence of who the holder of the note was in May of 2007 and April of 2009. They claim that the undisputed evidence shows that the note was in the possession of Deutsche in 2007 and in the possession of Chase in 2009. However, to support that factual assertion, the Defendants rely on declarations they have submitted in support of their own motion for summary judgment, which has not yet been heard by the Court. *See* Docket nos. 37, 38. Similarly, the Defendants point to these same declarations in support of their contention that the evidence is undisputed that defendant Washington Mutual Bank had authority to act as Deutsche's attorney in fact, whereas the Court found insufficient evidence of that in the Order. The Defendants may not supplement the factual record presented by LPS in support of its motion. When the Court rules on the Defendants' motion for summary judgment, it will consider the evidence offered by the Defendants. That evidence may not be the basis for reconsideration of an order entered against another defendant.

The Defendants ask the Court to reconsider its finding that the debtors sought to enjoin the foreclosure against their residence. The defendants contend that no such action was taken by the debtors. Whether the debtors or the trustee in this action did or did not obtain an injunction, however, is not critical to the Court's ruling. The Washington case law cited by the Court holds that if the borrower/debtor fails to take action to stop the foreclosure sale, by obtaining a restraining order prior to the sale, they waive their rights to contest the foreclosure. The Defendants seem to be arguing in this case that if they voluntarily suspended foreclosure

ORDER - 3 of 5

actions after the trustee filed a request for a temporary restraining order, that would somehow change the Court's ruling. How? Are the Defendants contending that the debtors and the trustee have waived their rights to challenge the foreclosure because they stopped pursuing a request to stay the sale that became unnecessary because of voluntary action by the Defendants?  The only case cited by the Defendants on this point is *Brown v. Household Realty Corp.*, 146 Wn. App. 157, 164 (2008).  Like the other waiver cases cited by the Court in the Order, *Brown* stands for nothing more than the proposition that if a borrower fails to enjoin a foreclosure sale before the sale occurs, they waive their rights to challenge the sale.  The Defendants admit that no foreclosure sale of the property has occurred, therefore, they cannot contend that the trustee has waived any rights.

    Finally, the Defendants challenge the Court's statement in the Order that "a plaintiff may assert a claim under the CPA based upon the conduct of the defendants relative to the foreclosure process." Order, at 10:7-11.  They argue that no Washington appellate court or Federal District Court has ever permitted affirmative claims for pre-foreclosure DTA conduct.  In the Order, however, the Court dismissed plaintiff's CPA claim against LPS so there is no reason for the Court to reconsider any legal argument in connection with that claim as it pertains to LPS.  The Defendants attempt to preempt plaintiff's arguments in opposition to the Defendants' motion for summary judgment by presenting the legal arguments they presumably have made in their own summary judgment motion in their motion for reconsideration, to which the plaintiff is not permitted to respond. The Order pertains to a CPA claim made by the plaintiff against LPS.

1 The Court will consider legal arguments pertaining to the CPA claim
2 against the Defendants at the hearing on their motion for summary
3 judgment and not before.

4 The Defendants claim that they were precluded from making their factual and legal arguments in connection with the LPS motion for summary judgment and that they should not now be prejudiced by the Court's ruling on that motion. LPS' motion for summary judgment was filed on January 12, 2010. Nothing prevented the Defendants from responding to that motion. Instead of responding to the LPS motion, the Defendants filed their own motion for summary judgment on February 3, 2010. The hearing on Defendants' motion has been continued numerous times since that date and has yet to be heard by the Court. The Defendants act as the "Monday morning quarterback" in this matter, after the Court ruled on LPS' summary judgment motion, advancing both facts and law after-the-fact in support of their arguments. These facts and legal arguments should have been presented to the Court by the Defendants in a response to the LPS motion for summary judgment.

NOW, THEREFORE, for the foregoing reasons, the Defendants' Motion for Reconsideration of the Order is DENIED.

/// END OF ORDER ///

Karen A. Overstreet
United States Bankruptcy Judge
(Dated as of Entered on Docket date above)