
**Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045

Fred B. Burnside
206.757.8016 tel
206.757.7016 fax

fredburnside@dwt.com

April 9, 2010

*Via CM/ECF System*

The Honorable Karen A. Overstreet
Chief Judge
U.S. Bankruptcy Court
700 Stewart Street
Seattle, WA 98101

Re:   *Edmund J. Wood, as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee, Plaintiff vs. Deutsche Bank National Trust Company, et al.*
U.S. Bankruptcy Court, W.D.Wash. Adversary Proceeding Case No. 09-1345-KAO

Dear Judge Overstreet:

This letter is filed pursuant the Court's instructions at oral argument on April 2, 2010, where the Court stated that if the parties were unable to agree on a Proposed Order granting Defendants' Motion for Protective Order that each side should submit their own draft Order with a letter explaining that agreement could not be reached.

Defendants Chase and DB have drafted a proposed Order granting Defendants' Motion for Protective Order, which includes the contingent concessions made by Defendants at oral argument as to two of the elements of the Washington Consumer Protection Act ("CPA"). The Court asked that Defendants state in writing the nature of their offered stipulation with respect to discovery as it bears on the elements of the Washington CPA. Because Defendants' stipulations hinge on specific CPA elements, Defendants recite the CPA's elements, as established by case law, in the Proposed Order. There are two elements upon which Defendants have made concessions. Because the concessions are directly tied to court-established CPA elements (and specific prongs within those elements), Defendants provide citations to the precedent establishing the relevant elements at issue.

**The Public Interest Element.** The Order explains that solely to minimize discovery costs, Defendants agree not to contest the public interest element of the CPA.

**Unfair Act or Deceptive Act or Practice.** The first element of a CPA claim is that a Defendant committed an "unfair or deceptive act or practice." The Court asked for confirmation at argument that this was a legal issue, and so Defendants cite myriad cases holding that this inquiry is a question of law. Trustee's CPA claim does not allege "deceptive" acts or practices, only "unfair" conduct. *See* Dkt. 6, ¶ 5.3.

| Anchorage | New York | Seattle |
| Bellevue | Portland | Shanghai |
| Los Angeles | San Francisco | Washington, D.C. |

www.dwt.com

Defendants believe it is necessary in the Proposed Order to ensure that Defendants are not viewed as having waived their argument — which the Court expressly stated it would not yet rule on — that the *only* way to establish an "unfair" practice under the CPA is by citing to a statute declaring the alleged conduct to be a per se unfair practice. The Court has stated it may yet decide that "deceptive" conduct can support a finding of "unfair" conduct under the CPA. Defendants' Proposed Order stipulates that Trustee need not show that Defendants' conduct toward the Debtors was intended to deceive Debtors or that anyone other than the Debtors were actually deceived by Defendants' conduct toward the Debtors (only that Defendants' conduct toward Debtors had the "capacity" to deceive a substantial portion of the public).

That is, subject to the non-waiver of Defendants' position as to whether deception bears on "unfairness" under the CPA, Defendants stipulate that if the Court finds Defendants' conduct toward the Debtors has the capacity to deceive a substantial portion of the public, that Trustee will have established "deception" under the CPA without the need for any evidence that other borrowers were actually deceived by such conduct or that Defendants engaged in similar conduct directed at other borrowers.

**Consultation Regarding the Proposed Order and Trustee's Objections.** Pursuant to the Court's request, Defendants provided to Trustee's counsel a Proposed Order for review. As the Court predicted, counsel for Trustee disagrees with the substance of the Proposed Order. Specifically, Trustee identifies the following shortcomings in the Proposed Order:

- It is an attempt to obtain summary judgment;
- It contains "virtually nothing ...which [sic] reflects [the Court's] actual order regarding the issues brought before [the Court]."
- Citation to precedent is improper;
- Because of prospective Legislative changes to the (non-contested) public interest element of the CPA in 2009, there is no binding appellate CPA precedent;
- Citation to Trustee's specific CPA allegation in the Complaint "is a complete waste of space";
- Defendants do not identity "the persons that you are required to identify and make available for depositions and numerous other conditions and instructions ... regarding the manner in which the depositions and discovery would proceed."

Defendants submit that the Proposed Order: (a) does not seek summary judgment; (b) reflects the Court's rulings; (c) properly cites authorities creating and discussing the CPA elements that the Order and Defendants' stipulations turn on; (d) properly limits discussion of the public interest element to Defendants' stipulation to not contest that element; (e) properly ties discovery to the actual allegations of Trustee's Complaint; and (f) need not incorporate an Order granting an unfiled and de facto motion to compel the identities of witnesses Defendants have

already identified and depositions that Trustee has yet to (and may never) seek — and which Defendants have already offered.

Very truly yours,

Fred B. Burnside

cc: Melissa A. Huelsman
Richard E. Spoonemore
Lance E. Olsen