The Honorable Karen A. Overstreet
Chapter 7 (Adversary)
Hearing Date: May 7, 2010
Hearing Time: 9:30 a.m.
Hearing Location: 700 Stewart St.,
Seattle – Room 7206
Response Date: April 30, 2010
Reply Date: May 4, 2010

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>STEVEN C. BATEMAN and VIRGINIA T. LEE,<br><br>    Debtor. | Case No. 07-13346-KAO |
| EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee,<br><br>    Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JP MORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC., NORTHWEST TRUSTEE SERVICES, INC.,<br><br>    Defendants. | Adversary Case No. 09-1345-KAO<br><br>DEFENDANT DEUTSCHE BANK NATONAL TRUST COMPANY'S AND JPMORGAN CHASE BANK N.A.'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES |

MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE
DEFENSES
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................ 1

II. FACTS ................................................................................................................................ 1

III. ARGUMENT ................................................................................................................... 2

    A. Defendants' Request Is Made As A Precautionary Measure ............................... 2

    B. Leave to Amend Is Granted with Extreme Liberality. ........................................... 4

    C. There Is No Bad Faith, Undue Delay, or Prejudice................................................ 4

    D. The Proposed Amendment Would Not Be Futile. .................................................. 5

IV. CONCLUSION................................................................................................................ 7

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Defendants Deutsche Bank National Trust Company ("DB") and JPMorgan Chase ("Chase") (collectively "Defendants") move for leave to amend their answer to (i) specifically assert as an affirmative defense that Trustee's claims are preempted by the Bankruptcy Code ("Code") and/or the Federal Rules of Bankruptcy Procedure ("Rules"), and (ii) expressly state that Trustee's claim under the Washington Consumer Protection Act is barred as a result of Defendants' good faith. A copy of the proposed amended answer is attached as Exhibit A to this motion.

## II. FACTS

Plaintiff commenced this action in August 2009. Dkt. 6. Defendants filed their Answer and Affirmative Defenses ("Answer") in September 2009. Dkt. 12. Defendants' Answer contains several objections to Plaintiff's attempt to litigate claims in this adversary proceeding that should have been litigated in the context of the Debtors' main bankruptcy case. *See* Answer, ¶¶ 3.7; 3.8; 3.9; 3.14. Defendants' Answer also alleged that Plaintiff's Complaint "failed to state a claim upon which relief could be granted" and that "Plaintiff's claims should be dismissed for lack of subject matter jurisdiction." *Id.*, p. 22. Finally, Defendants' Answer alleged that "Plaintiff's claims under the Washington Consumer Protection Act are barred, in whole or in part, because Defendants' conduct as alleged in the Complaint was motivated by reasonable business concerns, was reasonable in relation to the development and preservation of business, and was not injurious to the public interest." *Id.*

Trial is currently scheduled for July 29, 2010. Dkt 94. Defendants have not yet taken the depositions of any of Defendants' employees. However, Rule 30(b)(6) depositions of Defendants are scheduled for April 27 and 29, and the parties are in the process of scheduling additional depositions.

Defendants filed a Motion for Summary Judgment on February 5, 2010. Dkt. 33. Defendants will withdraw their Motion for Summary Judgment and re-file a revised motion that will include, *inter alia*, the argument that Plaintiff's claims must be brought, if at all, under the

MOTION FOR LEAVE TO FILE AMENDED ANSWER – 1
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

claims resolution process provided for under the Code and Rules, and that affirmative state law claims are preempted by federal bankruptcy law.

### III. ARGUMENT

#### A. Defendants' Request Is Made As A Precautionary Measure

Defendants file this motion in an abundance of caution, and despite having already raised in its Answer the issue that Trustee's objections to Defendants' authority to enforce its claim should have been filed in connection with the stay relief motion, that the Court lacked subject matter jurisdiction over Trustee's claims, and that Trustee's Complaint fails to state a claim. *See* Answer, Dkt. 12, ¶¶ 3.7-3.9, 3.14, Aff. Def. Nos. 1-2. Defendants seek leave to amend their Answer only to ensure all parties have express notice that Defendants intend to argue that Plaintiff's claims must be brought under the provisions in the Code and Rules specifically intended by Congress as the sole mechanism by which creditors' claims are to be adjudicated, and that affirmative state law claims are barred as a result. Defendants' Answer already addresses this issue generally, but not in the form of a specific affirmative defense, because complete preemption need not be alleged affirmatively and is not subject to waiver. Nevertheless, Defendants seek leave to amend their Answer to avoid even the potential for ambiguity.

Plaintiff's state law claims are "completely preempted" under the Code and Rules, *see In re Chaussee*, 399 B.R. 225, 231-234 (9th Cir. B.A.P. 2008)(noting the "complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code," and that Congress intended to "occupy the field" of bankruptcy law)(citing *MSR Exploration, Ltd. V. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996) and *In re Bassett*, 255 B.R. 747 (9th Cir. B.A.P. 2000), *rev'd on other grounds*, 285 F.3d 882 (9th Cir. 2002)). Where, as here, state law claims are "completely preempted" by a comprehensive statutory framework like the Code and Rules, the issue of preemption is jurisdictional rather than defensive.[1] *Whitman v. Raley's Inc*., 886 F.2d 1177, 1181

---

[1] Defendants also note that, unlike cases where a defendant seeks to defensively assert preemption for the purpose of avoiding a claim, Defendants do not seek to "avoid" or "eliminate" Plaintiff's claims. Rather, Defendants seek only to limit Plaintiff to the procedures and remedies intended by Congress to be the exclusive statutory framework for dealing with claims in bankruptcy cases — objecting to proofs of claim and opposing stay relief motions.

MOTION FOR LEAVE TO FILE AMENDED ANSWER – 2
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

(9th Cir. 1989)(noting that the issue of whether complete preemption exists is "jurisdictional"). In the Ninth Circuit, jurisdictional defenses cannot be waived. *Prescott v. United States,* 973 F.2d 696, 701 n. 2 (9th Cir.1992).

Defendants pled "failure to state a claim upon which relief can be granted" as an affirmative defense in their Answer. The Bankruptcy Appellate Panel in *Chaussee* recognized that complete preemption may properly be raised in a Rule 12(b)(6) motion, rather than as an affirmative defense. *In re Chaussee*, 399 B.R. at 234 ("[w]e therefore hold that, because Debtor's state law claim against B-Real under the CPA is preempted by the Code, Debtor's complaint failed to state a claim against B-Real upon which relief could be granted"). Pursuant to Rule 12(h)(2), incorporated into these proceedings by FRBP 7012, the defense of failure to state a claim upon which relief can be granted may be raised at any time before trial. FRCP 12(h)(2).

Indeed, Defendants' Answer (Dkt. 12) repeatedly alleged that Plaintiff was in effect attempting to litigate claims that should have been raised in the context of the stay relief motion filed by Defendants in the Debtors' main bankruptcy case in January 2009. Thus, it has been clear since the inception of this case that Defendants consider Plaintiff's claims to be an "end run" around the Code's mechanisms designed specifically to address the very issues raised in Plaintiff's lawsuit.

Similarly, Defendants' Answer asserted as an affirmative defense that Plaintiff's CPA claims are barred "because Defendants' conduct as alleged in the Complaint was motivated by reasonable business concerns, was reasonable in relation to the development and preservation of business, and was not injurious to the public interest." See *Cox v. Lewiston Grain Growers, Inc.* (1997) 86 Wash.App. 357, 936 P.2d 1191, review denied 133 Wash.2d 1020, 948 P.2d 387. While Defendants are confident that the affirmative defense as original pled encompasses a defense based on "good faith" conduct, in order to avoid ambiguity on the issue, Defendants seek leave to amend this affirmative defense to expressly incorporate "good faith."

MOTION FOR LEAVE TO FILE AMENDED ANSWER – 3
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### B. Leave to Amend Is Granted with Extreme Liberality.

Although Defendants are not required to amend their Answer to plead either preemption or "good faith" as a separate affirmative defense, in the interest of avoiding the expense of inevitable litigation over pleading requirements, Defendants respectfully request that the Court grant leave to amend their Answer.

Leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The rule favors amendments and is to be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks and citation omitted). The Ninth Circuit has "repeatedly stressed that the court must remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987)).

The Ninth Circuit considers four factors to determine the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *DCD Programs, Ltd.* at 186. The factors, however, do not have equal weight: "delay, by itself, is insufficient to justify denial of leave to amend," *Id*., and prejudice to the opposing party "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining … [three] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*.

### C. There Is No Bad Faith, Undue Delay, or Prejudice.

Under these standards, this Court should grant Defendants' motion for leave to amend its answer. First, no evidence suggests Defendants' proposed amendment is motivated by bad faith. Defendants simply seek to raise a viable affirmative defense, and to clarify an existing affirmative defense, in the interest of ensuring that this matter is decided on the merits.

MOTION FOR LEAVE TO FILE AMENDED ANSWER – 4
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Second, Defendants have not unduly delayed in seeking leave to amend their answer. From the face of the Complaint, it was initially difficult for Defendants to determine precisely what conduct Plaintiff alleged as the predicate acts supporting his various causes of action. As this matter has progressed, however, it has become clear that Plaintiff's claims are inextricably intertwined with the claims resolution process provided for under the Code and Rules. *Cf.* SAC [Dkt. 6], ¶¶ 3.7-3.9, 3.14. Moreover, this motion is anything but an ambush, as trial is now scheduled for July 29, 2010. In any event, delay alone does not justify denial of a motion for leave to amend. *DCD Programs, Ltd.*, 833 F.2d at 187.

Third, the proposed amendments cannot prejudice Plaintiff, since discovery has no bearing on the legal issue of preemption, which can be decided as a matter of law.[2] *Hubbard v. SoBreck, LLC*, 554 F.3d 742, 744 (9th Cir. 2009) ("The issue of preemption was not raised below," but is "an issue of law …which may be considered for the first time on appeal."); *Fadaie v. Alaska Airlines, Inc.*, 293 F.Supp.2d 1210, 1215 n.1 (W.D. Wash. 2003) (rejecting Rule 56(f) motion in part because discovery is not relevant to legal issue of preemption).

Finally, Defendants intend to strike their pending summary judgment motion and re-file a new motion that includes their preemption arguments. Accordingly, Plaintiff will have a full and fair opportunity to research and respond to Defendants' preemption arguments. The possibility that Defendants may succeed on these preemption arguments is not, of course, the sort of prejudice that would preclude amendment.

### D. The Proposed Amendment Would Not Be Futile.

Finally, the amendment would not be futile. A court will deny a proposed amendment for futility only where it "appears beyond doubt" that the proposed amendment does not state a claim for relief. *DCD Programs, Ltd.*, 833 F.2d at 188. Where, by contrast, a proposed claim or

---

[2] Courts in the Ninth Circuit routinely allow unpled affirmative defenses to be raised for the first time in summary judgment motions absent a showing of prejudice by the plaintiff. *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir.1984); Sharer v. Oregon, 481 F.Supp.2d 1156, 1164-65 (D.Or. 2007); *In re Chabot*, 369 B.R. 1, 12 (Bankr.D.Mont. 2007).

MOTION FOR LEAVE TO FILE AMENDED ANSWER – 5
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

defense is at least colorable, the court should not deny the proposed amendment as futile. *Id*. This low standard is easily met here, as the Amendment raises a valid legal issue.

The Ninth Circuit has consistently held that non-bankruptcy causes of action that can be adjudicated within the comprehensive bankruptcy framework are preempted by the Code and Rules. *MSR Exploration, Ltd. V. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996); *In re Chaussee*, 399 B.R. 225, 231-234 (9th Cir. B.A.P. 2008); *In re Miles*, 294 B.R. 756 (9th Cir. B.A.P. 2003).

*In re Chaussee* is particularly instructive in this case, as the Bankruptcy Appellate Panel specifically ruled that the Bankruptcy Code preempted claims under the Washington Consumer Protection Act ("CPA") and the Fair Debt Collection Practices Act ("FDCPA"). The Panel engaged in extensive analysis of Ninth Circuit precedent addressing preemption of claims under the Code and Rules, and concluded that the claims resolution process set forth under 11 U.S.C. § 502 and F.R.B.P. 3007 offers the exclusive means by which a creditors' claim is to be adjudicated in bankruptcy. *In re Chaussee*, 399 B.R. at 233-234. Recognizing the ramifications of allowing parties to assert CPA claims in lieu of claims objections, the Panel specifically noted:

> [P]ermitting prosecution of a CPA action for statutory damages, attorney's fees, and costs might encourage debtors to dispense with the claim objection process in favor of an adversary proceeding, needlessly casting all concerned into costly litigation. ... In our view, granting a debtor access to the remedies under the CPA could present an obstacle to the accomplishment and execution of the purposes and objectives of Congress in its intricate design of the claims process in the bankruptcy court.

(internal citation omitted)

Similarly, with respect to the FDCPA claim, the Panel stated:

> [W]here the Code and Rules provide a remedy for acts taken in violation of their terms, debtors may not resort to other state and federal remedies to redress their claims lest the congressional scheme behind the bankruptcy laws and their enforcement be frustrated. The same concerns we articulate above in rejecting Debtor's state CPA claim justify a similar result as to her FDCPA action. Put simply, Congress did not intend to allow a debtor to bypass the statutory scheme clearly embodied in the language of the Code.

*Id*. at 236-37.

MOTION FOR LEAVE TO FILE AMENDED ANSWER – 6
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Plaintiffs' theory of liability is that DB may not own the Note, and therefore lacked standing to file (via its agents) a Proof of Claim or Stay Relief Motion. In other words, Plaintiff is simply objecting to Defendants' claim. Defendants' preemption argument squarely addresses this issue and is therefore not futile.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Defendants leave to file the amended answer in the form of Exhibit A to this Motion. A copy of a proposed order granting amendment of the answer and affirmative defenses is attached hereto as Exhibit B.

DATED this 16th day of April, 2010.

Davis Wright Tremaine LLP
Attorneys for Deutsche Bank National Trust Company and JP Morgan Chase Bank

By /s/ *Josh Rataezyk*
Fred B. Burnside, WSBA #32491
Joshua A. Rataezyk, WSBA #33046
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206) 757-8016
Fax: (206) 757-7016
E-mail: fredburnside@dwt.com
E-mail: joshrataezyk@dwt.com

MOTION FOR LEAVE TO FILE AMENDED ANSWER – 7
AP Case No. 09-01345-KAO
DWT 14563494v1 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700