The Honorable Karen Overstreet
Chapter 7
Hearing Date: May 7, 2010
Hearing Time: 9:30 a.m.
Response Date: April 30, 2010

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re:<br><br>STEVEN C. BATEMAN and VIRGINIA T. LEE,<br><br>                                   Debtor.<br>_____<br><br>EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee,<br><br>                                   Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JP MORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC., NORTHWEST TRUSTEE SERVICES, INC.,<br><br>                                   Defendants. | Case No.: 07-13346-KAO<br><br>Adversary Case No. 09-1345-KAO:<br><br>PLAINTIFF EDMUND J. WOOD'S RESPONSE TO THE MOTION TO AMEND ANSWER FILED BY DEFENDANTS DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1 AND JP MORGAN CHASE BANK, N.A. |

PLAINTIFF'S RESPONSE TO DEF. DEUTSCHE BANK AND JP MORGAN CHASE'S MOTION TO AMEND ANSWER AND ADD COUNTER-CLAIMS - 1

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

Comes now Plaintiff, Edmund J. Wood, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee, by and through his attorney of record, Melissa A. Huelsman, Law Offices of Melissa A. Huelsman, P.S., hereby responds to the Motion to Amend Answer brought by Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1 ("Deutsche") and JP MORGAN CHASE BANK, N.A. ("Chase").

## I. FACTS AND ARGUMENT

This Court is well aware of the nature of the claims being made in this case and a great deal of the facts which will eventually need to be considered. Therefore, the Trustee will focus only on those facts which are pertinent to the Motion and this Response. At the heart of this motion is a question about whether there is any legal basis for the amendment. The Defendants have arguments about jurisdiction, and as incorrect as they might be, they can make them at trial. There is a liberal standard for allowing amendments to pleadings, but even under these standards, there should be some legitimate purpose for the amendment and a reason for the delay. Here, there is absolutely no reason for the delay, especially since it is clear that in the intervening time between the filing of an answer and now, the Defendants have not bothered to learn about bankruptcy law.

This case was filed on **August 10, 2009,** approximately nine months ago. As this Court is well aware, there have been several motions in this case and disagreements among counsel regarding the manner in which to conduct discovery and the subject matter of discovery. The summary judgment motion brought by Defendant LPS was well briefed, including supplemental briefing, and motions for reconsideration filed by Plaintiff, who responded to the Motion, and another brought by Defendants Chase and Deutsche who had not bothered to participate in the

initial briefing.  (Dkt. 21, 22, 23, 24, 25, 26, 28, 29, 30, 48, 51, 55, 62, 63, 65, 66, 71, 72, 73 and 80)  Yet, at this stage in the case, on the eve of discovery cut-off (May 4, 2010) and shortly before the most recent trial date, July 29, 2010, the Defendants move to amend their Answer and to assert counter-claims against the Trustee.  Simply put, there is absolutely no excuse for such a request by the Defendants at this late date.  Certainly, if this Court is inclined to grant the request by the Defendants, then the trial date must be continued again and discovery cutoff extended.  The Trustee is entitled to additional time in order to conduct discovery which allow him to support his defenses to these completely new counter-claims.

The Defendants' most recent motion also demonstrates their complete misunderstanding of the workings of the Bankruptcy Court and their apparent inability to read and understand the Bankruptcy Code.  There is no preemption of the claims in this case because the claims dispute process does NOT resolve the claims of secured creditors.  In fact, the Bankruptcy Code expressly requires that disputes regarding the validity of secured claims must be litigated in an adversary proceeding.  FRBP 3007(b).  Defendants are either unable to understand the difference between secured and unsecured claims or they are continuing to waste this Court's time and the Trustee's resources by bringing another frivolous motion.  Federal Rules of Bankruptcy Procedure 3007(b) makes clear that: "A party in interest **shall not** include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but **may include the objection in an adversary proceeding**."  FRBP 3007(b) (emphasis added).

FRBP 7001 reads as follows:

An adversary proceeding is governed by the rules of this Part VII. **It is a proceeding (1) to recover money or property,** except a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002, (2) **to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)**, (3) to obtain approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-

> owner in property, (4) to object to or revoke a discharge, (5) to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan, (6) to determine the dischargeability of a debt, (7) **to obtain an injunction or other equitable relief**, (8) to subordinate any allowed claim or interest, except when subordination is provided in a chapter 9, 11, 12, or 13 plan, (9) to obtain a declaratory judgment relating to any of the foregoing, or (10) to determine a claim or cause of action removed pursuant to 28 U.S.C. § 1452.

FRBP 7001 (emphasis added). FRBP 7001 does NOT preclude claims being brought pursuant to federal or state laws, even if they are not identified in the Bankruptcy Code.

The Defendants cite to *In re Chaussee,* 399 B.R. 225 (9th Cir. 2008), yet they ignore the fact that the claims discussed and considered in *Chaussee* were **unsecured** claims, which are treated differently in both a Chapter 7 and a Chapter 13 case. Here, the claims at issue are secured claims and secured claims cannot be altered in a Chapter 13 bankruptcy without the filing of an adversary proceeding. FRBP 3007(b). In a Chapter 7, the trustee must first determine that there is a need to administer claims in the first place, before he or she even sets forth a deadline for filing claims. *See,* United States Trustee Handbook for Chapter 7 Trustees, "Promptly upon determination that the administration of a case will generate funds to pay creditors, the trustee must ensure that the clerk of the bankruptcy court provides notice to creditors to file proof of claims on or before a certain date. FRBP 3002(c)(5)." Thus, as this Court is well aware, there are no proofs of claim filed in a Chapter 7 case unless and until the Chapter 7 Trustee determines that there are funds available, and of course, the claims must be filed by **unsecured** creditors. Unless the trustee or some other party initiates an adversary proceeding, there is no adjudication of the validity of secured claims in a Chapter 7 case.

Similarly, Defendants contend that these claims could have been adjudicated during the hearing on the Motion for Relief from Stay filed by Defendant WAMU. (Mot., 5:12-17). Again, the Defendants apparently fail to comprehend the difference between a relief from stay motion and a trial which ultimately determines the rights of creditors. A relief from stay motion ONLY determines whether an alleged creditor may have relief from stay for purposes of

pursuing its remedies for collection in another setting. _____ As this Court noted very clearly at the hearing on the Defendants' Motion to Amend or Vacate the Order on Relief from Stay, that order is limited in its power and scope. This Court advised counsel for the Defendants in this case at the hearing on their Motion to Amend or Vacate that she had recently been discussing this issue with state court judges and that this Court was making clear to the state court judges that unless the Order contained language which made specific findings relating to the validity of the debt, a relief from stay order did nothing more than send the issue on to some other court for determination of those issues. If a debtor and a creditor have a dispute regarding the validity of the debt which needs to be resolved, then that matter cannot be resolved in a motion for relief from stay, but must be litigated in an adversary proceeding. 11 U.S.C. § 362.

Defendants cite to *In re: Chaussee*, 399 B.R. 225 (9th Cir. 2008) and the cases cited in that case in support of their position, yet none of those cases are on point. Not a single case deals with the scenario presented here, which is a case that began as a Chapter 13 and converted to a Chapter 7. None of these cases deal with a secured claim and each and every one of them deal with matters which are exclusively the province of the Bankruptcy Code. The *Chaussee* case involved unsecured claims that had allegedly been purchased by a debt buyer. The case of *Bassett v. Am. Gen.* (*In re: Bassett*), 255 B.R. 747 (9th Cir. 2000) involved the propriety and enforceability of a reaffirmation agreement and order which had been entered by the Bankruptcy Court. *MSR Exploraton v. Meridian Oil,* 74 F.3d 910 (9th Cir. 1995) is a Chapter 11 case and disputes which occurred during the administration of that case, that resulted in the claims of malicious prosecution. The Ninth Circuit ultimately determined that any litigation relating to determinations made by the Bankruptcy Court should be litigated there. The reasoning in *MSR Exploration* is clear and sensible, but the Court did not make a finding that all claims under state

PLAINTIFF'S RESPONSE TO DEF. DEUTSCHE BANK AND JP MORGAN CHASE'S MOTION TO AMEND ANSWER AND ADD COUNTER-CLAIMS - 5

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

law are precluded. Further, the claims in this case relate not only to the false and misleading motion for relief from stay filed by the Defendants herein, but to the foreclosure sale which was also initiated and premised upon inadequate and potentially documentation.

Later in 2005, the Ninth Circuit addressed the issue again in *Miles v. Okun* (*In re Miles*), 430 F.3d 1083 (9th Cir. 2005), stating:

> We do not hold that all state actions related to bankruptcy proceedings are subject to the complete preemption doctrine. We recognize that "because the common law of the various states provides much of the legal framework for the operation of the bankruptcy system, it cannot be said that Congress has completely preempted all state regulation which may affect the actions of parties in bankruptcy court." *Koffman v. Osteoimplant Tech., Inc.*, 182 B.R. 115, 124 (D. Md. 1995). However, "remedies and sanctions for improper behavior and filings in bankruptcy court . . . are matters on which the Bankruptcy Code is far from silent and on which uniform rules are particularly important. *Id.*

*Miles,* at 1092. And *Miles* was a particular case that directly involved litigation related to the bringing of claims related to the filing of multiple involuntary bankruptcy filings. The Court's determination that these matters were best addressed through the Bankruptcy Code because of the specific requirements of 11 U.S.C. § 303(i) does not have bearing upon the issues presented to this Court by this case.

The Court should be aware that the Trustee will be bringing a motion to amend his complaint in order to conform to the evidence and those claims will also include violations of the Bankruptcy Code. However, these do not preclude the bringing of other claims in equity and common law or under state law.

> The Supreme Court has historically referred to the bankruptcy courts as courts of equity. This characterization means only that the powers of a bankruptcy court include the power to grant relief that in form is equitable, such as injunctive relief. Code § 105(a) has been liberally construed in some circuits as empowering the bankruptcy courts as courts of equity "to invoke the equitable principles to achieve fairness and justice in the reorganization process."

Norton, <u>Bankruptcy Law and Practice 3d</u>, § 4.5.

PLAINTIFF'S RESPONSE TO DEF. DEUTSCHE BANK AND JP MORGAN CHASE'S MOTION TO AMEND ANSWER AND ADD COUNTER-CLAIMS - 6

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

## CONCLUSION

For all of the above-stated reasons, the Trustee maintains that the Motion to Amend the Answer should be denied because there is no basis in the law for such amendment. Simply put, the defenses and counter-claims that the Defendants raise are unsupported by any case law and/or statutory authority.

Dated this 30th day of April 2010.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.


/s/ Melissa A. Huelsman
Melissa A. Huelsman, WSBA No.30935
Attorney for Plaintiff