The Honorable Karen A. Overstreet
Chapter 7 (Adversary)
Hearing Date: May 7, 2010
Hearing Time: 9:30 a.m.
Hearing Location: 700 Stewart St.,
Seattle – Room 7206
Response Date: April 30, 2010
Reply Date: May 4, 2010

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re<br><br>STEVEN C. BATEMAN and VIRGINIA T. LEE,<br><br>        Debtor. | Case No. 07-13346-KAO |
| EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee,<br><br>        Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JP MORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC., NORTHWEST TRUSTEE SERVICES, INC.,<br><br>        Defendants. | Adversary Case No. 09-1345-KAO<br><br>DEFENDANT DEUTSCHE BANK NATONAL TRUST COMPANY'S AND JPMORGAN CHASE BANK N.A.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES |

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY OF REPLY ........................................................1

II. RESTATEMENT OF FACTS ........................................................................................2

III. ARGUMENT .................................................................................................................3

    A. Defendants Do Not Seek to Assert Counterclaims ..............................................4

    B. Plaintiff Does not Oppose Amendment of The CPA-Related Defense ................4

    C. Plaintiff Ignores the Ninth Circuit Standard for Amendment of Pleadings ............4

IV. CONCLUSION ..............................................................................................................6

## I. INTRODUCTION AND SUMMARY OF REPLY

Plaintiff's reflexive (and untimely) opposition to anything Defendants file is telling. Plaintiff does not dispute any fact in Defendants' Motion for Leave to Amend, does not bother to address any of the factors governing amendment under Rule 15(a), and does not cite a single case disallowing amendment under similar circumstances. Instead, Plaintiff uses his opposition brief to argue the *merits* of the proposed amendment and to repeatedly insult Defendants by accusing them of: (a) having "not bothered to learn about bankruptcy law"; (b) a "complete misunderstanding of the workings of the Bankruptcy Court"; (c) "an apparent inability to read and understand the Bankruptcy Code"; (d) an inability "to understand the difference between secured and unsecured claims"; (e) a "waste [of] this Court's time"; (f) filing of "another frivolous motion"; and (g) "fail[ing] to comprehend the difference between a relief from stay motion and a trial." *See* Pl. Response to the Mot. to Amend Answer ("Pl. Opp.") [Dkt.] 113, at 2:-17-18; 3:10-17; 4:24-25. Defendants will not respond to these unnecessary attacks and will address the merits of Plaintiff's arguments on the preemption issue in conjunction with Defendants' forthcoming Summary Judgment Motion. For now, Defendants turn to the issue presently before the Court: whether the Court should grant leave to amend. The Court should allow amendment because:

*First*, Defendants do *not* seek to add a counterclaim against Trustee, and Plaintiff's suggestion to the contrary (and that discovery may be needed to defend that claim) is wrong.

*Second*, Plaintiff's failure to oppose adding a good-faith defense to unfairness under the CPA is an admission that the Court should permit amendment. Bankr. L.R. 9013-1(d)(7).

*Third*, Plaintiff's failure to address *any* Rule 15 amendment factors is an admission that leave should be granted. Amendment is not in bad faith or with undue delay, and Plaintiff does not argue prejudice. Nor has Plaintiff argued amendment futility. Plaintiff's arguments on the *merits* of preemption should be resolved in connection with Defendants' forthcoming motion on the *merits*. For now, it cannot be said that it "appears beyond doubt" that preemption is irrelevant to Plaintiff's state and federal claims; amendment is thus not futile, and the Court should grant the motion. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND – 1
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## II. RESTATEMENT OF FACTS

Plaintiff's Complaint alleges that documents filed by Defendants in support of the Proof of Claim and Stay Relief Motion suggest that Defendant DB might not have standing to assert lien rights in Debtors' residence because they are not the "holder" of Debtors' Note. *See* Dkt. 6, ¶¶ 3.7-3.9, 3.13-14. Trustee has not filed an objection to Defendants' Proof of Claim, did not oppose Defendants' Stay Relief Motion, and has not sought to vacate the Court's Order granting stay relief. Instead, Trustee brings affirmative claims based on those filings, questioning DB's standing to enforce the loan documents evidencing Debtor's loan. Plaintiff's affirmative claims thus turn on Defendants' ability as an under-secured creditor to assert a claim in these proceedings. Indeed, Trustee retained counsel in this proceeding for the express purpose of addressing purported "defects in the secured creditor's claim." *See* Ex Parte Application for Order Authorizing Employment if Special Counsel for Trustee, Dkt. 100, ¶ 2, 1:20-21. Trustee initiated the adversary action "in order to seek damages relating to" alleged "misrepresentations to this Court." Dkt. 119, at 2:13-14.[1]

Defendants' Motion for Leave to Amend seeks only to confirm what Defendants have asserted from the outset: that any objection to DB's claim in this Court is governed by the Bankruptcy Code, and that non-bankruptcy causes of action that intrude upon bankruptcy procedures are barred. Plaintiff does not dispute any of Defendants' factual (rather than legal) assertions. Specifically, Plaintiff does not dispute that Defendants' Answer expressly (and repeatedly) responds to Plaintiff's allegations about the Proof of Claim and Stay Relief filings forming the basis for Trustee's Complaint. Defendants responded that Trustee's failure to object to those filings barred him from raising affirmative claims in the Complaint "whether by waiver, estoppel, or otherwise." *See* Dkt. 12, ¶¶ 3.7-3.9, 3.14. Nor does Plaintiff deny that Defendants

---

[1] Notably, there is no dispute over the *validity* of the debt — Debtors testified they borrowed the money, are in default, and owe it to someone; the only dispute is over whether DB had standing to seek to foreclose on the undisputed debt. Trustee concedes that if DB holds the Note, it has standing to foreclose on the valid debt. *See, e.g.*, SAC, Dkt. 6, ¶ 3.6 ("If the actual owner/holder/possessor of the Note is Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, then that is the only entity which has standing and legal authority to seek relief from this Court and to initiate a foreclosure of the Residence.").

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND – 2
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

alleged the affirmative defense of lack of subject matter jurisdiction (which would encompass a defense of complete preemption). *Id.* at Aff. Def. No. 2. Thus, Plaintiff has known for approximately eight months that Defendants believed Trustee's affirmative claims were barred here as a result of the failure to use the mechanisms for objecting to claims outlined in the Bankruptcy Code.

In response to Defendants' precautionary Motion for Leave to Amend, Plaintiff largely focuses on addressing the merits of the preemption argument, accuses Defendants of being "unable to read," and (bizarrely) suggests that Defendants' proposed amendment seeks to "amend their Answer to assert counter-claims against the Trustee." Pl. Opp. [Dkt. 1113], at 3:3-4. Plaintiff argues that as a result, the trial date — three months from now — should be continued and additional discovery conducted to prepare defenses to the new "counterclaim." But Defendants do ***not*** seek leave to amend to bring counterclaims against Trustee; the amendments are limited solely to confirming Defendants' affirmative defenses.[2]

### III. ARGUMENT

Plaintiff does not respond to Defendants' argument that the preemption issue here is jurisdictional and cannot be waived (suggesting that the jurisdictional issue must be resolved at "trial"), and thus effectively concedes that amendment here is appropriate. Pl. Opp. [Dkt. 113], at 2:12-13; *see also In re Chaussee*, 399 B.R. 225, 231-234 (9th Cir. B.A.P. 2008) ("complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code" was intended to "occupy the field" of bankruptcy law); *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1181 (9th Cir. 1989) (complete preemption is "jurisdictional"); *Prescott v. United States,* 973 F.2d 696, 701 n. 2 (9th Cir.1992) (jurisdictional defenses cannot be waived). Plaintiff also admits that there "is a liberal standard for allowing amendment," but fails to address any of the factors relevant to amendment and cites no authority that would support denial of leave to amend. Pl. Opp. Dkt. 113, at 2:14.

---

[2] And even if Plaintiff thought discovery could somehow bear on the purely legal preemption issue, he could have asked — but did not — questions about those issues in the Rule 30(b)(6) depositions for Chase and DB that took place 11 and 13 days (respectively) *after* Defendants filed their Motion for Leave to Amend.

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND – 3
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

### A. Defendants Do Not Seek to Assert Counterclaims

Plaintiff alleges that "Defendants move to amend their Answer and to assert ***counter-claims*** against the Trustee." *See* Pl. Opp., Dkt. 113; 3:3-4 (emphasis added); *id.* at 3:8-9 ("[t]he Trustee is entitled to additional time in order to conduct discovery which will allow him to support his defenses to these ***completely new counter-claims***.") (emphasis added). To be clear, Defendants here seek only to amend their Answer to assert affirmative defenses.

### B. Plaintiff Does not Oppose Amendment of The CPA-Related Defense

Defendants seek leave to amend their Answer to ***both*** (i) expressly assert a preemption defense ***and*** (ii) expressly confirm that the "good faith" into its CPA-related affirmative defense. Plaintiff's Response does not oppose Defendants' request to allow amendment to incorporate "good faith". Plaintiff's failure to respond to this request is a concession that the motion has merit and good cause exists for amendment to incorporate "good faith." Bankr. L.R. 9013-1(d)(7).

### C. Plaintiff Ignores the Ninth Circuit Standard for Amendment of Pleadings

Without citation to a single case addressing amendment of pleadings, Plaintiff's opposition amounts to a misguided and flawed attempt to substantively attack — in the context of a motion for leave to amend — the merits of Defendants' preemption defense. Defendants welcome the opportunity to address the merits of their preemption defense in the context of their forthcoming summary judgment motion, but this motion is not the forum to adjudicate the preemption issue.

To reiterate, leave to amend a pleading "***shall be freely given when justice so requires***." Fed. R. Civ. P. 15(a) (emphasis added). The Ninth Circuit considers four factors to determine the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. *DCD Programs*, 833 F.2d at 186. Plaintiff does not argue that ***any*** of these factors is met here, and none is.

**Plaintiff Does Not Allege Bad Faith.** Plaintiff does suggest Defendants' motion for leave to amend is made in bad faith, and therefore this factor is not relevant here.

**There Has Been No Undue Delay.** As noted above, Trustee has been on notice since early September 2009 of Defendants' position that the Court lacks subject matter jurisdiction over

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND – 4
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Trustee's affirmative claims and that Trustee's failure to object to the Proof of Claim or oppose Stay Relief barred him from raising affirmative claims in the Complaint "whether by waiver, estoppel, or otherwise." *See* Dkt. 12, ¶¶ 3.7-3.9, 3.14, Aff. Def. No. 2. Confirming these positions through amendment is not required under Ninth Circuit precedent (since the issue can be raised on summary judgment), and was done here in an abundance of caution. *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir.1993) (absent allegation of prejudice, defense may be raised for the first time on summary judgment); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir.1984). But regardless, "delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs*, 833 F.2d at 186. Plaintiff does not explain how a delay in raising a purely legal affirmative defense might warrant denial of leave to amend.

**Plaintiff Does Not Claim Prejudice.** In deciding whether to grant leave to amend, Prejudice to the opposing party "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining … [three] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* Moreover, prejudice must be specifically delineated and "substantial" to be sufficient to deny leave to amend. *See, e.g., Jama v. United States*, 2009 WL 3150899, *3(W.D. Wash. 2009). The only thing close to prejudice alleged by Plaintiff is the purported need to respond to Defendants' "counterclaim." But because Defendants do not seek to add a counterclaim, this argument fails, and the Court should follow the presumption in favor of granting leave to amend. "[P]laintiff will not be sufficiently prejudiced to justify a denial of an application under Rule 15(a) if a defendant is allowed to cure an insufficient defense or to amplify a defense that has already been stated in an answer." 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1487, at 629-30 (2d ed. 1990) (citations omitted).

**Amendment Is Not Futile.** Plaintiff does not argue that Defendants' preemption defense is "futile" — indeed, the word "futile" does not appear in Plaintiff's opposition brief. Even assuming Plaintiff's attempt to litigate the merits of the preemption issue were proper here as a means of arguing futility — and it is not — Plaintiff cannot show "beyond doubt" that the

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND – 5
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

proposed amendment is not at least colorable. *DCD Programs, Ltd.*, 833 F.2d at 188. In such cases, amendment is not futile. *Id.*

Here, Defendants have cited to controlling authority holding that various state and federal claims are preempted by the Bankruptcy Code and Rules. *See*, *MSR Exploration, Ltd. V. Meridian Oil, Inc.*, 74 F.3d 910, 914 (9th Cir. 1996); *In re Chaussee*, 399 B.R. 225, 231-234 (9th Cir. B.A.P. 2008); *In re Bassett*, 255 B.R. 747 (9th Cir. B.A.P. 2000), *rev'd on other grounds*, 285 F.3d 882 (9th Cir. 2002)). Plaintiff obviously disagrees with Defendants' interpretation of that authority, but it cannot be said that it "appears beyond doubt" that Plaintiff's state and federal claims are not subject to preemption. *See also Jama*, 2009 WL 3150899, at *3 ("The amended claims are not so obviously devoid of merit as to be utterly futile."). Defendants look forward to addressing the merits of Plaintiff's preemption arguments in connection with its forthcoming motion on the merits; for now, and given the weight of Ninth Circuit authority, Defendants are entitled to an opportunity to assert their preemption arguments.

### IV. CONCLUSION

Defendants respectfully request that the Court grant Defendants leave to file their proposed Amended Answer and Affirmative Defenses.

DATED this 4th day of May, 2010.

    Davis Wright Tremaine LLP
    Attorneys for Deutsche Bank National Trust
    Company and JP Morgan Chase Bank

    By /s/ *Fred B. Burnside*
        Fred B. Burnside, WSBA #32491
        Joshua A. Rataezyk, WSBA #33046
        1201 Third Avenue, Suite 2200
        Seattle, Washington 98101-3045
        Telephone: (206) 757-8016
        Fax: (206) 757-7016
        E-mail: fredburnside@dwt.com
        E-mail: joshrataezyk@dwt.com

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND – 6
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2010, I electronically filed the following

1. Defendant Deutsche Bank National Trust Company and JPMorgan Chase Bank N.A.'s Reply in Support of Motion for Leave to Amend Answer and Affirmative Defenses with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Fred B. Burnside on behalf of Defendant Deutsche Bank National Trust Company
  fredburnside@dwt.com, cindybourne@dwt.com

- Melissa A. Huelsman on behalf of Plaintiff Edmund Wood huelsmanlaw@comcast.net, mlefebvre@predatorylendinglaw.com

- Lance E. Olsen on behalf of Creditor Deutsche National Bank Trust Company
  ecf@rcolegal.com

- Joshua A. Rataezyk on behalf of Defendant Deutsche Bank National Trust Company
  joshrataezyk@dwt.com, peggymitchell@dwt.com

- Richard E. Spoonemore on behalf of Defendant Lender's Processing Services Inc.
  rspoonemore@sylaw.com, rspoonemore@hotmail.com; matt@sylaw.com; theresa@sylaw.com

and I certify that I have mailed by U.S. Mail, First Class, the above-referenced pleadings to the following non CM/ECF participants:

- Platinum Homes Inc.
  1371 Warner Ave #D
  Tustin, CA  92780

DATED this 4th day of May, 2010.

                                             /s/ Fred B. Burnside
                                             Fred B. Burnside

CERTIFICATE OF SERVICE – 1
AP Case No. 09-01345-KAO
DWT 14661781v3 0036234-000029

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700