Lance E. Olsen
ROUTH CRABTREE OLSEN, P.S.
3535 Factoria Blvd. SE, Suite 200
Bellevue, WA 98006
425-586-1905
425-283-5905 Fax
lolsen@rcolegal.com

The Honorable Karen A. Overstreet
Chapter 7
Hearing Date: June 25, 2010
Hearing Time: 9:30 A.M.
Hearing Location: Seattle
Response Date: June 18, 2010

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>STEVEN C. BATEMAN and VIRGINIA T. LEE,<br><br>Debtors.<br><br>——————————————————<br><br>EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONALTRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JP MORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC.; NORTHWEST TRUSTEE SERVICES, INC.,<br><br>Defendants.<br>—————————————————— | Case No: 07-13346-KAO<br><br><br><br><br><br><br><br>Adv. No: 09-1345-KAO<br><br><br><br>**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** |

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 1
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

# MOTION

COMES NOW NORTHWEST TRUSTEE SERVICES, INC., by and through its counsel of record, Routh Crabtree Olsen, P.S., and Lance Olsen, and pursuant to Fed. R. Bankr. P. 7056 and 9013, Fed. R. Civ. P. 56, and Local Bankruptcy Rules 7056-1 and 9013-1, and moves this Court for an order on Summary Judgment that the Defendant Northwest Trustee Services, Inc ("NWTS") prevails as a matter of law to all claims.

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I.     INTRODUCTION & RELIEF REQUESTED

NWTS in making this Motion does not admit those statements in the Answer not specifically denied as part of this Motion, nor does it waive the right to deny and defend against such statements and allegations.

This motion is made pursuant to FRCP 56 in that there is no genuine issue of material fact as to Plaintiff's causes of action against Defendant NWTS and Defendant NWTS is entitled to judgment as a matter of law.

### II.     STATEMENT OF THE UNCONTROVERTED FACTS

On or about December 2, 2005, Debtors Steven C. Bateman and Virginia T. Lee (the "Debtors") executed and delivered a deed of trust (the "Deed of Trust") and promissory note (the "Note") for the benefit of Platinum Homes, Inc. ("Platinum") in order to secure a loan for the property located at 3529 SW 98th Street, Seattle, Washington 98126 (the "Property").

The Debtors defaulted on their loan by failing to make payments as due and owing. *See* Affidavit of Chris Ashcraft, ¶ 4 and Declaration of Stacey Smith in Support of Deutsche Bank as Trustee's Motion for Summary Judgment, ¶ 12.

On May 22, 2007, Washington Mutual ("WAMU"), servicing agent for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, its successors in interest, agents, assignees and/or assignors ("Deutsche Bank as Trustee"), retained NWTS to foreclose on the Property and instructed NWTS to initiate a non-judicial foreclosure proceeding.

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 2
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

*See* Affidavit of Chris Ashcraft, ¶ 3. NWTS prepared, delivered and posted a Notice of Default on May 22, 2007. *See* Affidavit of Chris Ashcraft ¶ 4.

Also on May 22, 2007, NWTS delivered for review and execution an Assignment of Successor Trustee (the "AST") and Assignment of Deed of Trust (the "ADT") to WAMU. True and correct copies of the AST and ADT are hereto attached as Exhibits A and B, respectively. The AST purported to appoint NWTS as successor trustee for the Deed. *See* Affidavit of Chris Ashcraft, ¶ 5. On May 24, 2007, NWTS received the executed AST from WAMU. *See* Affidavit of Chris Ashcraft, ¶ 6. Per company policy, NWTS did not immediately record the AST. Rather, NWTS intended to send the AST for recording with the yet to be received, ADT. *See* Affidavit of Chris Ashcraft, ¶ 7.

The AST was signed by Amy Weis, the Assistant Vice President of Washington Mutual, in her disclosed capacity as an agent of Deutsche Bank National Trust Company. *See* Exhibit A. As later determined, Ms. Weis mistakenly dated the AST as "May 23, 200**3**," instead of May 23, 200**7**. A simple typographical error evidenced by the fact that the AST was delivered to Ms. Weis on May 22, 2007, and returned on May 24, 2007. *See* Exhibit A and Affidavit of Chris Ashcraft.

On July 7, 2007, before NWTS received the ADT and thus before further action in foreclosure had been initiated, Debtors filed for Chapter 13 bankruptcy protection.

On September 2, 2008, the case was converted to a Chapter 7.

On January 14, 2009, WAMU filed a Motion for Relief From Stay with regard to foreclosure of the property; the motion was thereafter granted by this Court. *See* Dkt. 88 and 98.

On April 29, 2009, after termination of the stay, NWTS recorded the AST and ADT in order to resume foreclosure proceedings. The AST was recorded as King County Auditor's File No. 20090429001884, and the ADT was recorded as King County Auditor's File No. 20090429001882. *See* Exhibits A and B.

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

On May 11, 2009, NWTS recorded a Notice of Trustee Sale (the "NTS"), as King County Auditor's No. 20090511000731. A true and correct copy of the NTS is hereto attached as Exhibit C. The sale was scheduled to occur on August 7, 2009. *See* Exhibit C.

On or before August 7, 2009, NWTS was notified by its counsel that the AST included a typographical error. *See* Affidavit of Chris Ashcraft ¶ 10. Notwithstanding the minor nature of the type of error, NWTS first postponed the foreclosure sale to alert WAMU of the error. Thereafter, NWTS cancelled the sale and charged no fee to WAMU for the foreclosure, specifically to insure that no fee cost would be charged to the borrower. *Id.*

On August 13, 2009, Plaintiff Edmund J. Wood, as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee (the "Plaintiff"), filed this Second Amended Complaint against Defendants asking for damages for various causes of action related to foreclosure of the property. Plaintiff also filed a motion for a Temporary Restraining Order to restrain the pending sale of the property. Hearing on the TRO was ultimately unnecessary as the Trustee's sale had been cancelled by NWTS.

## III.     STATEMENT OF THE ISSUES

1. Whether the Court should grant Defendant Northwest Trustee Services, Inc.'s Motion for Summary Judgment as to Plaintiff's claim for alleged violations of the Consumer Protection Act when Plaintiffs has failed to allege or prove necessary elements of this claim?

2. Whether the Court should grant Defendant Northwest Trustee Services, Inc.'s Motion for Summary Judgment as to Plaintiff's claim for alleged violations of the Fair Debt Collection Practices Act when the FDCPA applies only to debt collectors and when NWTS is not considered a debt collector under the statute because it is a trustee engaged in a non-judicial foreclosure?

3. Whether the Court should grant Defendant Northwest Trustee Services, Inc.'s Motion for Summary Judgment as to Plaintiffs' claim for wrongful foreclosure when 1) Washington courts recognize that no cause of action for damages for wrongful foreclosure exists when no trustee's sale has occurred, 2) Plaintiff has shown no

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

prejudice, and 3) NWTS strictly complied with Deed of Trust Act in carrying out the foreclosure.

4. Whether the Court should grant Defendant Northwest Trustee Services, Inc.'s Motion for Summary Judgment as to Plaintiff's claim for breach of fiduciary and/or quasi-fiduciary duty by NWTS when NWTS does not owe a fiduciary duty to the Plaintiff under the applicable statute?

## IV.    EVIDENCE RELIED UPON

**1.** Pleadings and documents filed with the Court;

**2.** Affidavit of Chris Ashcraft and Exhibits attached thereto; and

**3.** This Motion and Memorandum of Law in support thereof.

## V.    LEGAL ARGUMENT AND AUTHORITY

## A. SUMMARY JUDGMENT STANDARD.

This Motion for Summary Judgment is made pursuant to Fed.R.Civ.P 56. Summary judgment is appropriate when the record shows there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *U.S. v. Carter,* 906 F.2d 1375, 1376 (9th Cir.1990). "A material fact is one upon which the outcome of the litigation depends." *Williams v. Allstate Ins. Co.* L 148678, 1 -2 (W.D. Wash. 2010). When a properly supported motion for summary judgment is made, the burden then shifts and the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 250.

To defeat a motion for summary judgment, the nonmoving party cannot rest on the allegations in his pleading, but must produce specific facts showing a genuine issue. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.,* 793 F.2d 1100, 1103-04 (9th Cir. 1986). Conclusory

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 5
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

statements, personal beliefs, and unsupported assertions are insufficient to withstand summary judgment, and "missing facts" will not be presumed. *Lujan v. National wildlife Federation,* 497 I.S. 871, 888-89 (1990). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.,* 68 F.3d at 1220.

Here, there is no genuine issue of material fact as to the claims asserted against NWTS, and NWTS is entitled to summary judgment in its favor.

**B. THE COURT SHOULD GRANT NWTS' MOTION FOR SUMMARY JUDGMENT BECAUSE PLAINTIFF FAILS TO PROVIDE ANY EVIDENCE TO SUPPORT A CLAIM AGAINST NWTS.**

Plaintiff's Second Amended Complaint, as against Defendant NWTS, alleges violations of the Consumer Protection Act ("CPA"), Fair Debt Collection Practices Act ("FDCPA") , and Washington's Deed of Trust Act. In that there is no evidence to support the claims against NWTS, Defendant NWTS should be granted summary judgment. NWTS' only alleged misdeed described in the Complaint is the recording of a document that included a typographical error, an error ultimately remedied by the cancellation of the sale and the waiver of any fees or costs due.

NWTS initiated the non-judicial foreclosure proceeding as successor trustee under assignment and direction from its client, WaMu as servicing agent for Defendant Deutsche National Trust Company as trustee for Long Beach Mortgage Loan Trust 2006-1. There is no dispute that Debtors were in default at all times relevant and no allegation that Debtors ever disputed the default or the foreclosure with NWTS prior to the August 2009 assertion of error in the AST. NWTS complied with Washington statute during the foreclosure proceeding as evidenced by public records and sworn affidavits herein. Plaintiffs have not suffered any harm

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 6
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

as a result of the typographical error, and when NWTS learned of the error, it cancelled the scheduled sale and did not charge any fees to the client, Plaintiff, or Debtors.

**1. The Court should dismiss Plaintiff's claim for CPA violations against NWTS because Plaintiff fails to allege or prove necessary elements to support his claim.**

The Consumer Protection Act prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. To state a prima facie claim under the CPA, a plaintiff must "establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wn.2d 778, 780 (1986). Failure to meet any one of these elements under the CPA is fatal to the claim and requires dismissal. *Sorrel v. Eagle Healthcare*, 110 Wn. App. 290, 298 (2002).

Plaintiff claims that NWTS engaged in a pattern of unfair business practices in violation of the Washington Consumer Protection Act. *See* Plaintiff's Second Amended Complaint ¶ 3.13. Plaintiff's CPA claim against NWTS requires summary judgment because Plaintiff fails to establish or assert (1) a deceptive act; (2) that any act of NWTS impacted the public interest; or (3) any injury to the Plaintiff resulting from an act of NWTS.

a.    Plaintiff proves no deception or public interest impact.

As discussed above, it is apparent from the recorded AST that Ms. Weis mistakenly dated the document May 23, 200**3**. The AST was actually executed on May 23, *2007*—the day after NWTS's request for an executed AST (May 22, 2007) and the day before NWTS received the executed AST back (May 24, 2007). *See* Affidavit of Chris Ashcraft. Ms. Weis merely indicated the wrong year. There was no deception and there would be no reason for NWTS to

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 7
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

attempt to deceive anyone into thinking that an AST was executed 2 years before the loan originated and before NWTS ever had a foreclosure file. Plaintiff has put forth no evidence to show this typographical error was done deceptively. Further, the typographical error was an error of WAMU, not NWTS. NWTS only failed to notice the error when recording. There is no plausible argument that the failure to catch a typographical error has an impact on the public interest that can support a CPA claim against NWTS.

b.     <u>Plaintiff shows no injury.</u>

It is well established that typographical errors are harmless when they do not affect the outcome of the case. See e.g. *State v. Ralph Williams' North West Chrysler Plymouth, Inc.,* 87 Wn.2d 298, 315 (1976) (clerical error was harmless and had no effect on the outcome of the case); *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir.2006) (errors that do not affect the ultimate result are harmless). Here, the date was a harmless typographical error that has a de minimus effect on the outcome and on the Plaintiff because, as soon as NWTS discovered the error, it cancelled the sale and did not charge further fees to the client, Plaintiff, or the Debtors. *See* Affidavit of Chris Ashcraft ¶10.

Plaintiff further alleges that Ms. Weis was not an authorized employee who could sign the AST. Defendant NWTS does not understand the basis for this allegation or how it has an impact on any claim against NWTS. At the time of the signature, Ms. Weis held herself out as an employee or agent of WAMU, as servicing agent for Deutsche Bank as Trustee, as signed and notarized and as testified by Chris Ashcraft. *See* Affidavit of Chris Ashcraft ¶ 8.

In sum, a harmless typographical error is not proper grounds to base a CPA claim against NWTS in this instance because a typographical mistake is not evidence of unfair or deceptive acts or practices; and because there is no impact on the public interest due to a harmless

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 8
AP Case No. 09-01184-KAO

**Routh Crabtree Olsen, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

typographical error; and because there was no injury to Plaintiff or Debtors as the sale was ultimately cancelled.  For these reasons, the Plaintiff's CPA claim fails and NWTS is entitled to summary judgment in its favor.

**2.      The Court should dismiss Plaintiffs' claim for FDCPA violations against NWTS because NWTS is the foreclosing trustee engaged in a non-judicial foreclosure and the FDCPA does not apply to a trustee carrying out a non-judicial foreclosure.**

The FDCPA creates guidelines under which debt collectors must conduct business. *See* 15 U.S.C. § 1692. However, in order for the FDCPA guidelines to apply, an individual or entity must first meet the statutory definition of "debt collector." *See* 15 U.S.C. §1692 (e) and §1692a(6). Such a finding is therefore also a prerequisite to finding that an entity violated the FDCPA. *See id.*

If the entity meets the definition of a debt collector, the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of [a] debt." 15 U.S.C. §1692e. Courts have held that in order to establish a violation under 1692e, the Plaintiff must establish that the conduct was in connection with the collection of a debt. *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3692294 (D. Utah 2009) (citing *Maynard v. Cannon,* 2008 WL 2465466 (D. Utah 2008)). Under the FDCPA, deceptive acts include the false representation of the character, amount, or legal status of any debt and the threat to take action that cannot legally be taken. 15 U.S.C. 1692e (2)(A) and (5).

The FDCPA also prohibits the use of unfair practices or means by debt collectors to collect or attempt to collect a debt. 15 U.S.C. §1692f. Under this section, taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property is a violation. 15 U.S.C. § 1692f(6)(A).

a.      NWTS is not a "debt collector" and NWTS' conduct was not "collection of a debt."

The FDCPA does not apply to NWTS because NWTS does not meet the definition of a debt collector under the FDCPA and was not acting in connection with the collection of a debt.

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 9
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Courts have held that a trustee carrying out a judicial foreclosure is not a debt collector under the FDCPA because the trustee is not collecting on the debt at that time [during a foreclosure], but merely foreclosing on the property pursuant to the deed of trust. *Hulse v. Ocwen Federal Bank*, 195 F.Supp.2d 1188, 1204 (D. Or. 2002). Furthermore, a trustee engaged in non-judicial foreclosure is not acting "in connection" with the "collection of [a] debt" when that trustee limits his or her conduct to the statutory requisites governing non-judicial foreclosure." *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3692294 (D. Utah 2009) (citing *Maynard v. Cannon,* 2008 WL 2465466 (D. Utah 2008).

In *Maynard,* the court noted that a non-judicial foreclosure is inherently different than debt collection or even judicial foreclosure. *Maynard,* 2008 WL 2465466 at 3. Therefore, a trustee, like NWTS, who may satisfy § 1691a(6)'s general definition of a "debt collector," but who limits its conduct in regards to a particular debtor to those activities necessary to effectuate the statutory requisites of non-judicial foreclosure, will not be liable under §1692e.

The conduct by NWTS that Plaintiff alleges violated the FDCPA was all pursuant to NWTS' role as the trustee under the Deed of Trust for the purpose of carrying out the non-judicial foreclosure initiated by the Note holder. NWTS was not a debt collector in this capacity and was not acting in connection with the collection of debt. Therefore, the FDCPA does not apply to NWTS. Accordingly, the FDCPA claim fails as a matter of law because NWTS has taken no action to collect on a debt; it was merely attempting to enforce a security interest through non-judicial foreclosure.

        b. <u>Even if NWTS is a "debt collector," Plaintiff fails to show that NWTS engaged in abusive debt collection practices that were false, deceptive, or misleading.</u>

Even if NWTS is deemed a "debt collector", Plaintiff has not alleged that NWTS engaged in abusive debt collection practices that were false, deceptive, or misleading. NWTS' conduct was not an unfair practice as defined by 15 U.S.C. 1692(f). Under 15 U.S.C. §1692f, a

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 10
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f. This section applies to "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claim as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). Courts have concluded that the language regarding "security interests" in section 1692f(6) makes it applicable to trustees performing non-judicial foreclosures. *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3692294 (D. Utah 2009). In other words, § 1692f(6) regulates trustees' conduct while engaging in non-judicial foreclosures. *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3692294 (D. Utah 2009) *(Citing Maynard,* 2008 WL 2465466 at 4; § 1691a(6)).

Because NWTS is not a debt collector and because Plaintiff's claims are based on a harmless clerical error, this Court should grant summary judgment in favor of NWTS as to the FDCPA claim.

**4. The Court should dismiss Plaintiff's Wrongful Foreclosure claim because there is no cause of action for damages for Wrongful Foreclosure in Washington where no trustee's sale occurs.**

A number of Washington courts recognize that the Washington Deed of Trust Act does not authorize a cause of action for damages for wrongful foreclosure where no trustee sale occurs. *See Vawter v. Quality Loan Service Corporation of Washington,* 2010 WL 1629355 at 5 (W.D.Wash. 2010); *Pfau v. Wash. Mutual, Inc.*, No CV-08-00142-JLQ, 2009 WL 484448, at 12 (E.D. Wash. 2009); *Krienke v. Chase Home Fin., LLC,* 140 Wn. App. 1032, 2007 WL 2713737, at 5 (Wash. Ct. App. 2007); *see also Henderson v. GMAC Mortgage Corp.*, No. C05-5781RBL, 2008 WL 1733265, at 5 (W.D. Wash. 2008) (holding that plaintiff's claim for wrongful foreclosure under the DTA failed because, *inter alia*, no foreclosure occurred).

In *Vawter, Pfau* and *Krienke*, the courts rejected the argument that a grantor can maintain a damages claim for wrongful institution of nonjudicial foreclosure proceedings where no

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

trustee's sale actually occurs. *Vawter,* at 5. As the *Vawter* court pointed out, the courts in *Pfau* and *Kreinke* paid great attention to the fact that there is simply no statutory authority or case law to support such a damages claim. "As the *Krienke* court explained:

> [T]here is no case law supporting a claim for damages for the *initiation* of an allegedly wrongful foreclosure sale. Moreover, there is no statutory basis supporting a claim for damages for wrongful *institution* of foreclosure proceedings."

*Vawter,* at 6 (*citing Krienke,* 2007 WL 2713737, at 5 (emphasis in original)).

Additionally, there is no cause of action for damages as a result of wrongful institution of nonjudicial foreclosure proceedings because the plain language of the Deed of Trust Act does not provide for such a cause of action, recognition of the cause of action could potentially upset the balance struck by the legislature, and could undermine the legislative goals of the Deed of Trust Act. *See Vawter,* at 6. A statutorily prescribed method to restrain a sale is present in Washington, and an action for damages is specifically within the scheme of rights established by the legislature. *Id.* at 7.

Similar to the Plaintiff's claim referenced in *Vawter,* the Plaintiff's claim in the case at bar is properly construed as a claim for wrongful institution of nonjudicial foreclosure. Here, as there, the trustee's sale has not occurred. Accordingly, the Plaintiff's claim fails as a matter of law for the same reasons the wrongful foreclosure claim failed in *Vawter.*

First, the plain language of the Deed of Trust Act simply does not provide for this cause of action. The fact that the Deed of Trust Act establishes procedures and requisites for the nonjudicial foreclosure process does not establish that there exists acause of action for wrongful institution of foreclosure proceedings under that Act. *See Vawter,* at 6. Here, the Plaintiff has not identified any statutory provision within the Deed of Trust Act that permits a cause of action for wrongful institution of foreclosure proceedings and fails to point to any case law that supports his interpretation of the statute.

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 12
AP Case No. 09-01184-KAO

**Routh Crabtree Olsen, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

Secondly, Plaintiff's interpretation of the statute potentially upsets the balance struck by the legislature. *Vawter,* at 6 (*citing Cf. Udall v. T.D. Escrow Servs., Inc.*, 130 P.3d 908, 913-14 (Wash. Ct. App. 2006) (reasoning that the common law of contracts is inapplicable to nonjudicial foreclosure sales because, *inter alia*, applying the common law would interfere with the Act's "detailed set of procedures for nonjudicial foreclosure sales"), rev'd on other grounds, 154 P.3d 882 (2007)). The Deed of Trust Act established a comprehensive scheme for the nonjudicial foreclosure process. The Act includes specific remedies for grantors and borrowers facing the potential loss of their homes. However, the cause of action asserted by Plaintiff is not among those set forth by the legislature.

Third, Plaintiff's interpretation of the Act has the potential to undermine the legislative goals of the Deed of Trust Act. *See Vawter,* at 6. In enacting the Deed of Trust Act, the Washington legislature sought to promote three primary goals, one of which is: "that the nonjudicial foreclosure process should be efficient and inexpensive." *Plein v. Lackey,* 149 Wn.2d 214, 67 P.3d 1061 (2003). As the *Vawter* court pointed out, an approach that allows a borrower who does not contest the default but simply seeks a damage claim predicated on the foreclosure proceeding has the potential to spawn litigation under the Deed of Trust Act for damages, thereby interfering with the efficient and inexpensive nature of the nonjudicial foreclosure process, while at the same time failing to address directly the propriety of foreclosure or advancing the opportunity of interested parties to prevent wrongful foreclosure." *Id.*

The Debtors never contested their default under the terms of the Note. Thus, allowing pursuit of a claim for damages based on a harmless typographical error that ultimately caused no harm to Plaintiff or the Debtors would circumvent the legislative goals under the Deed of Trust Act. Accordingly, Plaintiff's claim for wrongful foreclosure fails as a matter of law.

//

//

///

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

**5. Alternatively, assuming the Court recognizes a cause of action for Wrongful Foreclosure, NWTS is entitled to Summary Judgment because Plaintiff has shown no prejudice and NWTS complied with all provisions of Washington's Deed of Trust Act.**

a. Plaintiff has shown no prejudice.

Assuming a cause of action for damages for wrongful institution of nonjudicial foreclosure proceedings were to exist under the DTA, the Plaintiff must show prejudice. *Vawter,* at 7 (*citing Cf. Amresco Independence Funding, Inc. v. SPS Props., LLC*, 119 P.3d 884, 886-87 (Wash. Ct. App. 2005) ("Despite the strict compliance requirement, a plaintiff must show prejudice before a court will set aside a trustee sale."); *Koegel v. Prudential Mutual Sav. Bank*, 752 P.2d 385, 387-89 (Wash. Ct. App. 1988) (declining to set aside trustee's sale despite trustee's failure to comply with the Deed of Trust Act's notice requirements because plaintiff had not shown prejudice)). Plaintiff can show no prejudice here as the holder of the indorsed Note, the party entitled to enforce the Note, initiated the nonjudicial foreclosure. By extension, Plaintiff can show no prejudice as to NWTS because NWTS was the foreclosing trustee so appointed by the holder of the indorsed Note and instructed by the holder to carry out the foreclosure.

b. NWTS strictly complied with the Deed of Trust Act in carrying out the nonjudicial foreclosure.

Defendant NWTS complied with all provisions of Washington's Deed of Trust Act. *See* Publicly Recorded AST, ADT, and Notice of Trustee's Sale. NWTS prepared and delivered a Notice of Default to Debtors on May 22, 2007. *See* Affidavit of Chris Ashcraft ¶ 4. On April 29, 2009, Defendant NWTS was appointed the successor trustee as evidenced by the recorded AST under King County Auditor's File No. 20090429001884. *See* Exhibit A. NWTS posted a Notice of Trustee's Sale on the property on May 8, 2009, and recorded the notice as King County Auditor's No. 20090511000731 on May 11, 2009. *See* Affidavit of Chris Ashcraft ¶ 9.

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 14
AP Case No. 09-01184-KAO

**Routh Crabtree Olsen, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

*See also* Exhibit C. The public records and Affidavit of Chris Ashcraft of NWTS show that NWTS has, in fact, complied with Washington statute by providing timely notices as required by the Act.

Plaintiff's allegation against NWTS for violation of the Deed of Trust Act is apparently premised only on the fact that the AST contained a typographical error. Because the error was harmless (as discussed above) and because NWTS complied with the Deed of Trust Act, this cause of action against NWTS fails as a matter of law.

**6.      The Court should dismiss any claim against NWTS for breach of fiduciary and/or quasi-fiduciary duty because a foreclosing trustee owes no fiduciary duty.**

The wording of Plaintiff's Complaint does not make it clear whether Plaintiff intends to include NWTS as one of the "other defendants" and thereby assert a claim for breach of fiduciary and/or quasi-fiduciary duty against NWTS. *See* Amended Complaint, ¶¶ 7.3. and 7.4. However, to the extent that Plaintiff does assert such a claim against NWTS, it fails.

A trustee carrying out a nonjudicial foreclosure is not a true fiduciary. RCW 61.24.010(3). The Deed of Trust Act specifically provides that "the trustee or **successor trustee shall have no fiduciary duty** or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." RCW 61.24.010(3) (emphasis added).

Here, NWTS is the Successor Trustee instructed to carry out the nonjudicial foreclosure on the property. *See* Exhibit A. As the governing statute clearly imposes no fiduciary duty upon NWTS in its capacity as the foreclosing trustee, no claim for breach of fiduciary duty against NWTS can survive a motion for summary judgment. Therefore, as a matter of law, this cause of action fails against NWTS and should be dismissed.

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 15
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

## VI.    CONCLUSION

For all of the foregoing reasons, Plaintiff's claims as to NWTS fail as a matter of law and NWTS is entitled to summary judgment. Accordingly, NWTS respectfully requests that the Court enter judgment in its favor as to all of Plaintiff's claims. A proposed order granting the requested relief accompanies this motion.

DATED:  this __26th__ day of __May____, 2010

**ROUTH CRABTREE OLSEN, P.S.**

By: ___/s/ Lance E. Olsen_____
Lance Olsen, WSBA #25130
Heidi Buck, WSBA # 41769
Attorneys for Defendant Northwest
Trustee Services, Inc.

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 16
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington  98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

**Certificate of Service**

I hereby certify under penalty of perjury under the laws of the State of Washington that I mailed a true and correct copy of the foregoing NWTS'S MOTION FOR SUMMARY JUDGMENT and AFFIDAVIT OF CHRIS ASHCRAFT IN SUPPORT OF NWT'S MOTION FOR SUMMARY JUDGMENT, postage pre-paid, regular first class mail on the 28th day of May, 2010, to the following:

*Attorney for Debtors*
Melissa A. Huelsman
705 2nd Avenue, Suite 501
Seattle, WA 98104


*Attorneys for Deutsche Bank National Trust Company*
*and JPMorgan Chase Bank NA*
Fred B Burnside
Joshua A Rataezyk
Davis Wright Tremaine LLP
1201 3rd Ave Ste 2200
Seattle, WA 98101-1688

*Attorneys for Lender's Processing Services, Inc.*
Richard E Spoonemore
Sirianni Youtz Meier & Spoonemore
719 2nd Ave Ste 1100
Seattle, WA 98104

DATED this 28th day of May, 2010



  /s/ Kristine Stephan
Kristine Stephan, Paralegal

DEFENDANT NWTS'S MOTION
FOR SUMMARY JUDGMENT AND
MEMORANDUM OF LAW IN SUPPORT - 17
AP Case No. 09-01184-KAO

**ROUTH CRABTREE OLSEN, P.S.**
*A Law Firm and Professional Services Corporation*
3535 Factoria Boulevard SE Suite 200
Bellevue, Washington 98006
Telephone (425) 458-2121
Facsimile (425) 458-2131

After Recording Return to:
Chris Ashcraft
Northwest Trustee Services, Inc.
P.O. Box 997
Bellevue, WA 98009-0997



**2009 0429 001884**
FIDELITY NATIO AST
PAGE001 OF 001          14.00
04/29/2009 14:54
KING COUNTY, WA

# Appointment of Successor Trustee

File No. 7258.24571          1314

Steven C. Bateman and Virginia T. Lee, husband and wife is/are the grantor(s), Financial Title is the trustee and Platinum Homes Inc. is the beneficiary under that certain deed of trust dated 12/02/05 and recorded on 12/09/05 under King County, Washington Auditor s File No. 20051209002101.

The present beneficiary under said deed of trust appoints Northwest Trustee Services, Inc., a Washington corporation, whose address is P.O. Box 997, Bellevue, WA 98009-0997, as successor trustee under the deed of trust with all powers of the original trustee.

The undersigned present beneficiary warrants and represents that, as of the date this Appointment of Successor Trustee has been executed and acknowledged, it is the owner and holder of the obligation secured by the subject deed of trust and is not holding the same as security for a different obligation.

Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, by Washington Mutual Bank as successor in interest to Long Beach Mortgage Company, its attorney in fact

**FIDELITY NATIONAL TITLE**
V702753          4|15

By _____
       Amy Weis – AVP

STATE OF _____MN_____ )
                                              )ss
COUNTY OF __Dakota___ )

I certify that I know or have satisfactory evidence that *Amy Weis* is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the ___AVP___ of __Washington Mutual Bank__ to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: **May 23, 2003**



JACQUELYN FREEMAN
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011

Notary Public in and for the State of __MN__
Residing at __Washington__
My appointment expires __1-31-11__

**NORTHWEST TRUSTEE SERVICES, INC.**
P.O. BOX 997
BELLEVUE, WA 98009-0997
425-586-1900     FAX 425-586-1997

**Client:**    Washington Mutual Bank, F.A
**Borrower:** Bateman, Steven and Lee, Virginia

SERVING WASHINGTON, OREGON, IDAHO & ALASKA

EXHIBIT NO. A
__1__ OF __1__

After Recording Return to:
Northwest Trustee Services, Inc.
Attention: Chris Ashcraft
P.O. Box 997
Bellevue, WA 98009-0997

**2009 0429 001882**
FIDELITY NATIO AOT     14.00
PAGE001 OF 001
04/29/2009 14:54
KING COUNTY, WA

7258.24571/Bateman, Steven and Lee, Virginia ██████1314

## Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, whose address is 7301 Baymeadows Way, Jacksonville, FL 32256, all beneficial interest under that certain deed of trust, dated 12/02/05, executed by Steven C. Bateman and Virginia T. Lee, husband and wife, Grantors, to Financial Title, Trustee, and recorded on 12/09/05, under Auditor s File No. 20051209002101, Records of King County, Washington, describing land therein as:

Lot 7, Block 2, Adams Heights, according to the plat thereof, recorded in Volume 19 of Plats, Page 28, in King County, Washington

Tax Account No. 003700019007



**FIDELITY NATIONAL TITLE**
W702753          4/15

Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated _July 11_, 2007

Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company by operation of law

By: _____
Title: _Avp_      _Peter Read_

STATE OF _WI_ )
                              ) ss.
COUNTY OF _Dakota_ )

I certify that I know or have satisfactory evidence that _Peter Read_ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the _Avp_ of _Washington Mutual Bank_ to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _July 11, 2007_

NOTARY PUBLIC in and for the State of _MN_
_Matthew Banaszewski_
Residing at _Ramsey_
My commission expires _1/31/4_

Matthew Allan Banaszewski
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2011

EXHIBIT NO. _B_
_1_ OF _1_

**After Recording, Return to:**
**Chris Ashcraft**
**Northwest Trustee Services, INC.**
**P.O. Box 997**
**Bellevue, WA 98009-0997**



**2009051100731**
FIDELITY NATIO NTS        45.00
PAGE001 OF 004
05/11/2009 11:53
KING COUNTY, WA

**File No.:**        **7258.24571**
**Grantors:**        **Northwest Trustee Services, Inc.**
                         **Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage**
                         **Loan Trust 2006-1**
**Grantee:**        **Steven C. Bateman and Virginia T. Lee, husband and wife**
**Tax Parcel ID No.:** 003700019007
**Abbreviated Legal:** Lot 7, Block 2, Adams Height, Vol. 19, Pg 28

**Notice of Trustee's Sale**
Pursuant to the Revised Code of Washington 61.24, et seq.

I.     FIDELITY NATIONAL TITLE
         U702753           4146

On **August 7, 2009**, at 10:00 a.m. outside adjacent to the south entrance to 3535 Factoria Blvd SE, in the City of Bellevue, State of Washington, the undersigned Trustee (subject to any conditions imposed by the Trustee) will sell at public auction to the highest and best bidder, payable at time of sale, the following described real property "Property", situated in the County(ies) of King, State of Washington:

Lot 7, Block 2, Adams Heights, according to the plat thereof, recorded in Volume 19 of Plats, Page 28, in King County, Washington

Commonly known as:   3529 Southwest 98th Street
                                     Seattle, WA  98126

which is subject to that certain Deed of Trust dated 12/02/05, recorded on 12/09/05, under Auditor's File No. 2005120900210l, records of  King County, Washington, from Steven C. Bateman and Virginia T. Lee, husband and wife, as Grantor, to Financial Title, as Trustee, to secure an obligation "Obligation" in favor of Platinum Homes Inc., as Beneficiary, the beneficial interest in which was assigned by Platinum Homes Inc. to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, under an Assignment/Successive Assignments recorded under Auditor's File No. 2009042901883.

*The Tax Parcel ID number and Abbreviated Legal Description are provided solely to comply with the recording statutes and are not intended to supplement, amend or supersede the Property's full legal description provided herein.

II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the Obligation in any Court by reason of the Grantor's or Borrower's default on the Obligation.

III.

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

|  |  | Amount due to reinstate by 05/07/2009 |
|---|---|---|
| Monthly Payments |  | $51,242.43 |
| Late Charges |  | $2,424.78 |
| Lender's Fees & Costs |  | $491.99 |
| Total Arrearage | $54,159.20 |  |
| Trustee's Expenses (Itemization) |  |  |
| Trustee's Fee |  | $607.50 |
| Title Report |  | $0.00 |
| Statutory Mailings |  | $11.48 |
| Recording Costs |  | $56.00 |
| Postings |  | $70.00 |
| Sale Costs |  | $0.00 |
| Total Costs | $744.98 |  |
| Total Amount Due: |  | $54,904.18 |

Other known defaults as follows:

IV.

The sum owing on the Obligation is: Principal Balance of $327,608.79, together with interest as provided in the note or other instrument evidencing the Obligation from 10/01/07, and such other costs and fees as are due under the Obligation, and as are provided by statute.

V.

The Property will be sold to satisfy the expense of sale and the Obligation as provided by statute. The sale will be made without representation or warranty, express or implied regarding title, possession, encumbrances or condition of the Property on August 7, 2009. The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 07/27/09 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 07/27/09 (11 days before the sale date), the default(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after 07/27/09 (11 days before the sale date), and before the sale by the Borrower, Grantor, any Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the

Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

## VI.

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

### NAME AND ADDRESS

Steven Bateman
3529 Southwest 98th Street
Seattle, WA 98126

Virginia Lee
3529 Southwest 98th Street
Seattle, WA 98126

by both first class and either certified mail, return receipt requested on 03/24/09, proof of which is in the possession of the Trustee; and on 03/24/09 Grantor and Borrower were personally served with said written notice of default **or** the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of proof of such service or posting.

## VII.

The Trustee, whose name and address are set forth below, will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

## VIII.

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their right, title and interest in the Property.

## IX.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

## X.

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the deed of trust, including occupants and tenants. After the 20th day following the sale the purchaser has the right to evict occupants and tenants by summary proceedings under the unlawful detainer act, Chapter 59.12 RCW.

**The trustee's rules of auction may be accessed at www.northwesttrustee.com and are incorporated by this reference. You may also access sale status at www.northwesttrustee.com and www.USA-Foreclosure.com.**



EXHIBIT NO. C
3 OF 4

EFFECTIVE: 05/07/2009

Northwest Trustee Services, Inc., Trustee

By _____
Authorized Signature
P.O. BOX 997
Bellevue, WA 98009-0997
<u>Contact:  Chris Ashcraft</u>
(425) 586-1900

STATE OF WASHINGTON    )
                               ) ss.
COUNTY OF KING             )

I certify that I know or have satisfactory evidence that Chris Ashcraft is the person who appeared
before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that
(he/she) was authorized to execute the instrument and acknowledged (he/she) as the Assistant Vice
President of <u>Northwest Trustee Services, Inc.</u> to be the free and voluntary act of such party for the
uses and purposes mentioned in the instrument.

Dated: *MAY 7th 2009*

JAMES J. SOLAN
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES
03-23-12

NOTARY PUBLIC in and for the State of
Washington, residing at *SEATLE*
My commission expires *3-23-12*

**NORTHWEST TRUSTEE SERVICES, INC., SUCCESSOR BY MERGER TO NORTHWEST TRUSTEE
SERVICES PLLC FKA NORTHWEST TRUSTEE SERVICES, LLC, P.O. BOX 997,  BELLEVUE, WA
98009-0997 PHONE  (425) 586-1900 FAX (425) 586-1997**

File No: 7258.24571
Client: Washington Mutual Bank
Borrower:  Bateman, Steven and Lee, Virginia

**SERVING WA, OR, ID, CA, NV, AZ, MT HI**

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**