UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>STEVEN C. BATEMAN and VIRGINIA T. LEE,<br><br>         Debtor.<br>_____<br><br>EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee,<br><br>         Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JP MORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC., NORTHWEST TRUSTEE | Case No.: 07-13346-KAO<br><br>Adversary Case No. 09-1345-KAO<br><br>DECLARATION OF MELISSA A. HUELSMAN IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CONFORM TO THE EVIDENCE |

SERVICES, INC.,

                Defendants.

I, Melissa A. Huelsman, declare:

1. I am the attorney of record for the Plaintiff herein. I have personal knowledge of the facts as stated herein and if called upon to testify to the truth thereof, I could and would do so.

2. Attached hereto as Exhibit "A" is a true and correct copy of the deposition transcript of Jeffery A. Pittman and the exhibits thereto.

3. Attached hereto as Exhibit "B" are true and correct copies of portions of the bankruptcy paperwork filed with the United States Bankruptcy Court, Central District of California by Mr. Pittman. I located this information by conducting a search on PACER using Mr. Pittman's last name as the search term. Included therein are Schedules A, D, H and I and Paragraph 16 of the Statement of Financial Affairs.

4. Notably Mr. Pittman falsely asserted in the pleadings that he was single and did not report any of the household income from his wife. His wife is not listed as a co-debtor nor is she identified as a having any obligation on the mortgage loans. Mr. Pittman did not list his wife on Paragraph 16 of the SOFA.

5. I drafted and prepared the original Complaint and filed it with the Court on August 10, 2009. As soon as I filed the Complaint and prepared it for service, I noted that there were typographical errors in the Complaint and thus I amended the Complaint set about serving it upon the various defendants. (Dkt. 1 and 4). After filing, counsel for Defendant Northwest Trustee, Lance Olsen, immediately contacted me to discuss the claims against it for violations of

DECLARATION OF MELISSA A. HUELSMAN IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CONFORM TO THE EVIDENCE - 2

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

the Deed of Trust Act and the description of the duties owed by a foreclosing trustee based upon recent changes to the DTA. After having this conversation with Mr. Olsen, I agreed that I needed to amend the Complaint for a second time in order to clarify the precise obligations of the foreclosing trustee. I filed the Second Amended Complaint filed on August 13, 2009 – two days after the first complaint was filed. (Dkt. 6).

6. The proposed Third Amended Complaint will include claims to determine the nature and extent of the debt owed to Defendants Chase and/or Deutsche, if any; avoidance of a lien under 11 U.S.C. § 547; quiet title as against Defendants Platinum Homes, Chase and/or Deutsche; and to clarify the language used by the Plaintiff to plead his claims for violations of the Consumer Protection Act, RCW 19.86, *et seq.* While the possibility always existed at the time that the Trustee filed his initial Complaint that the first position mortgage lien could potentially be voided if there was no legal basis for the lien whatsoever, it was always a remote possibility, especially there were copies of two Allonges included in the records that were available to Trustee at the time of the filing. However, it is only now I have conducted discovery that I feel we can properly allege that the entire security interest should be voided. In fact, those claims were only made clear once I obtained the testimony of Mr. Pittman. It was he who made it clear that he had no credibility as to the validity of his purported signature on one of the Allonges, and that even if he did sign the Allonge presently affixed to the Note, Defendants Chase and/or Deutsche never acquired the status of a holder or of any party that might derive rights from a holder because the Allonge – if signed by Mr. Pittman at all – did not become "affixed" to the Note until after the Note had changed hands at least times by entities purporting to have ownership interests while the Allonge traveled a very different path.

6. I have not improperly delayed in bringing this Motion. There have been numerous delays in obtaining discovery responses from the various defendants, as the responsive documentation has been trickling in for months since the responses were originally due in November 2009. In fact, Defendant Deutsche Bank provided me with responsive documents on the day of the corporate representative's deposition, claiming that it had just "discovered" that certain responsive documents had not yet been produced.

7. I was unable to take the depositions of the corporate representatives of Defendants Chase and Deutsche until the end of April 2010 because of disputes among the parties and the filing of a motion for protective order. I did not take the deposition of Mr. Pittman until the end of April, because it was necessary to get the information from him after having all documentation from the other defendants. I obtained the deposition transcripts of Mr. Pittman two weeks ago. In fact, there is still time for Mr. Pittman to try to correct his testimony, but we have nevertheless moved forward with this motion because of the looming trial date and recent comments made by the Court as regards to getting the work on the case completed.

This Declaration made under penalty of perjury under the laws of the United States of America this 4th day of June 2010 at Atascadero, California

*/s/ Melissa A. Huelsman*
Melissa A. Huelsman, WSBA #30935