# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

In re:

STEVEN C. BATEMAN and VIRGINIA T. LEE,

       Debtor.

_____

EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee,

       Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST COMPANY as Trustee for Long Beach Mortgage Loan Trust 2006-1; LONG BEACH MORTGAGE COMPANY; WASHINGTON MUTUAL BANK, as successor-in-interest to Long Beach Mortgage Company by operation of law and/or as its attorney in fact; JP MORGAN CHASE BANK, N.A.; LENDER'S PROCESSING SERVICES, INC.; PLATINUM HOMES, INC., NORTHWEST TRUSTEE SERVICES, INC.,

       Defendants.

_____

Case No.: 07-13346-KAO

Adversary Case No. 09-1345-KAO:

PLAINTIFF EDMUND J. WOOD'S STATEMENT OF DISPUTED FACTS UNDER LOCAL RULE 7056-1(b)(2)

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

Comes now Plaintiff, Edmund J. Wood, solely in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Steven C. Bateman and Virginia T. Lee, by and through his attorney of record, Melissa A. Huelsman, Law Offices of Melissa A. Huelsman, P.S., to identify the factual matters that he contends remain in dispute.

1.     The location of the Debtors' Promissory Note and Allonge at all times after signing by the Debtors.  Huelsman Dec.

2.     The authenticity of the signatures of Jeffrey Pittman on any documents, and in particular, his purported signature on the Allonge which is presently affixed to the Note.  Huelsman Dec.

3.     The location of the second Allonge allegedly signed by Mr. Pittman which is not now attached to the Promissory Note.  Huelsman Dec.

4.     The authenticity of Mr. Pittman's alleged signature on the Corporation Assignment document and its location.  Huelsman Dec.

5.     The authenticity and veracity of the indorsement on the back of the second page of the original Promissory Note whereby the Note is allegedly endorsed in blank.  Huelsman Dec.

6.     The identity, job title and authority to act of the signers of the endorsement, and the date upon which the endorsement was made.  Huelsman Dec.

7.     The veracity of the information provided on the two other Proof of Claim documents filed in the Debtors' case which were identical, including the authority for the filing of the claims by Moss Codilis, and its employee, attorney Maria Borresen, as well as the source of the information included in the Claims and the documentation utilized to obtain the information included on the forms.  Huelsman Dec.

PLAINTIFF'S STATEMENT OF DISPUTED FACTS
UNDER LOCAL RULE 7056-1(b)(2) - 2

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

8.     The veracity of the information provided to the Court in support of Motion for Relief Stay as regards the Residence which was filed on January 14, 2009 by Routh Crabtree Olsen, P.S., on behalf of "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, its successors in interest, agents, assignees and/or assignors, including JP Morgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA as servicing agent its successors in interest, agents, assigns and assignors". Huelsman Dec.

9.     Whether or not the Trust is the actual holder of the Note and owner of the Debtors' mortgage loan with the right to enforce the terms of the Promissory Note. Huelsman Dec.

10.     An explanation for the alterations of the Note which are evident when reviewing the original Note, including the fact that a staple has been removed from the Note and the Note has been restapled to include one of the versions of the Allonge provided to this Court, the placing two hole punches in the top center and the reason that a portion of the Note is torn off between those holes (possibly indicating the removal of one or more staples), the reason for the inclusion of the handwritten notation on the front page (#697071314) and when it was placed there, as well as the reason why none of the copies previously provided to the Court had that notation on it. Huelsman Dec.

11.     When the Allonge which is now attached to the original Note was affixed and the location of the original "second" Allonge, copies of which have been provided to the Court as though it was affixed to the Note when it was not so affixed. In addition, the identity of the persons and the purpose behind the repeated taking apart of the original Note document.

12.     The truthfulness of the information provided to this Court in connection with the

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

Affidavit of Yolanda Sbaffoni filed in support of the Motion for Relief from Stay, including her assertion that she was signing as a "Doc Execution Specialist for JP Morgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (JP Morgan Chase Bank) the loan servicing agent for Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1". This will include the legal authority under which Ms. Sbaffoni signed the document and the basis for the information she provided to the Court, as an explanation for her assertion that she was providing the Court with a true and correct copy of the Promissory Note when that copy is NOT the same as the original Note which has now been reviewed by counsel. Huelsman Dec.

13. The authority for Elizabeth Boulton to sign a "Lost Assignment Affidavit by Beneficiary" as Vice Preisdent of "Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1 By Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company by operation of law", including her actual job title and the veracity of the information included in that document and whether Ms. Boulton actually had knowledge of the information she alleged when she signed the document. Huelsman Dec.

14. When and whether the Trust ever acquired status as a "holder" of the Note.

15. The source of the various copies of the Note which have been provided to this Court and to Plaintiff in discovery by Defendants JP Morgan and Deutsche. Huelsman Dec.

16. Whether or not Defendant LPS and its employees had proper legal authority act on behalf of all of the identified entities herein. Huelsman Dec.

17. The legal authority for any of the Defendants to appoint Defendant NWTS as the trustee to conduct a foreclosure sale, and in fact, who actually made the appointment. This will

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103

include the validity of the signature of Amy Weis signing the Appointment as an "Assistant Vice President" of Defendant WAMU, purportedly signing on behalf of Defendant Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-1, by Washington Mutual Bank as successor in interest to Long Beach Mortgage Company, its attorney in fact. Huelsman Dec.

DATED this 11th day of June 2010.

LAW OFFICES OF MELISSA A. HUELSMAN, P.S.


_____/s/ Melissa A. Huelsman_____
Melissa A. Huelsman, WSBA No.30935
Attorney for Plaintiff

PLAINTIFF'S STATEMENT OF DISPUTED FACTS
UNDER LOCAL RULE 7056-1(b)(2) - 5

Law Offices of Melissa A. Huelsman, P.S.
705 2nd Avenue, Suite 1050
Seattle, WA 98104
(206) 447-0103